HOMER LANGFORD v. STATE.

149 So. 570.

Division B.

Opinion Filed July 18, 1933.

*W. W. Flournoy,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, J.—In this case the defendant was convicted in the Circuit Court of Walton County under an indictment charging him with the unlawful sale of alcoholic liquor when he, the defendant, had theretofore pleaded guilty to the crime of unlawfully selling intoxicating liquor in said county and had had imposed upon him the judgment of the court of his guilt of such crime and the sentence of the law consequent thereon.

It is contended here that the judgment should be reversed because the conviction was based upon an entrapment. Next, that it should be reversed because the court without consulting counsel peremptorily limited the time which counsel could consume in arguing the case before the jury to not exceeding fifteen minutes to the side, that is, fifteen minutes to the State and fifteen minutes to the defense. And third, that the verdict, which was:

"We, the jury, find the defendant guilty as charged. So say we all. On the first count."
was insufficient.

It is contended here that because a prohibition agent in company with a native undercover man well known to the defendant, went to the home of the defendant and there offered to buy whiskey from the defendant, the undercover

man assuring the defendant that the prohibition agent was his, the undercover man's, brother-in-law and that he was "all right" and that nothing would be said about the sale and thereby gained the confidence of the defendant, causing thereby the defendant to sell the two a pint of whiskey; that this was an entrapment which would bar the prosecution for the offense committed.

The most recent enunciation of the law of entrapment is that contained in the opinion by Mr. Chief Justice HUGHES of the Supreme Court of the United States, filed December 19, 1932, and reported in U. S. Supreme Court Advance Opinions No. 5, October Term, 1932, page 265, and which will be reported in 77 Law Edition. In that opinion the writer said:

"It is well settled that the fact that officers or employees of the Government merely afford opportunities or facilities for the commission of the offense does not defeat the prosecution. Artifice and stratagem may be employed to catch those engaged in criminal enterprises. Grimm v. United States, 156 U. S. 604, 610, 39 L. Ed. 550, 552, 15 S. Ct. 470; Goode v. United States, 159 U. S. 663, 669, 40 L. Ed. 297, 300, 16 S. Ct. 136; Rosen v. United States, 161 U. S. 29, 42, 40 L. Ed. 606, 610, 16 S. Ct. 434, 480, 10 Am. Crm. Rep. 251; Andrews v. United States, 162 U. S. 420, 423, 40 L. Ed. 1023, 1024, 16 S. Ct. 798; Price v. United States, 165 U. S. 311, 315, 41 L. Ed. 727, 729, 17 S. Ct. 366; Bates v. United States (C. C.), 11 Biss. 70, 10 Fed. 92, 94; notes page 97; United States v. Reisenweber (C. C. A. 2d), 288 Fed. 520, 526; Aultman v. United States (C. C. A. 5th), 289 Fed. 2151. The appropriate object of this permitted activity, frequently essential to the enforcement of the law, is to reveal the criminal design; to expose the illicit traffic, the prohibited publication, the fraudulent use of the mails, the illegal conspiracy, or other offenses, and

thus to disclose the would-be violators of the law. A different question is presented when the criminal design originates with the officials of the Government, and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order that they may prosecute."

Now, in this case, there is evidence from which the conclusion may be drawn that the purpose of the defendant to engage in the unlawful sale of intoxicating liquor did not originate with the prohibition agent or with the undercover man, but that the defendant was engaged in that unlawful enterprise and the prohibition agent and the undercover man employed artifice and stratagem to catch the offender and to procure evidence upon which he ·might be convicted. The artifice and stratagem which they employed is not to be commended, because falsehood and deception are both immoral and wrong, regardless of the end to be attained by their use.

Quite a different case would be presented if the record disclosed that the defendant here was a law-abiding citizen and had not been and was not then engaged in the enterprise of selling intoxicating liquor, but had been persuaded by the officers of the law, and those employed to aid them, to commit an act in violation of the law which was wrong only because of a prohibitory statute and that such persuasion and suggestion on the part of the officers of the law, and those employed to aid them, was perpetrated with the purpose of causing the defendant to do an act prohibited by statute when he would not have violated the statute, had not such suggestion and persuasion been employed to cause him to commit the unlawful act.

In determining whether or not an entrapment may be sufficient to constitute a defense, the distinction to be observed is the difference between cases where in one it is

shown that officers in order to establish the basis for a prosecution entice one who is not engaged in a criminal enterprise to commit an offense *mala prohibita* when otherwise the person so enticed would not have engaged in such enterprise and in the other it is shown that one engaged in an unlawful enterprise is enticed to do an act which may be used as direct evidence of his guilt.

In this case the jury could from the evidence reasonably draw the conclusion that the defendant was and had been violating the prohibition law by selling intoxicating liquor and that this particular sale was only an incident of such unlawful activity on his part and that the artifice and stratagem were used only to procure evidence of the unlawful conduct and not for the purpose of causing the defendant to commit an isolated infraction of the law whereby evidence might be procured upon which to base a prosecution against one who would otherwise have remained a law-abiding citizen.

Of course, the jury was not bound to believe the testimony given by the prohibition agent and the undercover man. It was directly contradicted by the defendant and the record shows that the prohibition agent and the undercover man did not agree in their statements in regard to several material facts. The record also shows that they both admitted that they had knowingly and willfully made false statements and false representations to the defendant and, with these facts apparent,, it was the province of the jury to determine whether or not they could believe the sworn statements of these witnesses beyond a reasonable doubt. The verdict in the case indicates that, regardless of these circumstances, the jury did believe and accept as true the statements made by these witnesses under oath, or the statements made by one or the other of them where their statements were conflicting.

The next contention mentioned is that the verdict was not responsive to the indictment and in this we must agree with consel for plaintiff in error. As has been heretofore stated by this Court (see State, *ex rel.,* Lockmiller v. Mayo, 88 Fla. 96, 101 Sou. 228, and Benson v. State, 88 Fla. 103, 101 Sou. 231), whether or not the defendant is guilty of the offense of unlawfully selling intoxicating liquor is one question which the jury must determine, and after determining that question, it is necessary for the jury to determine the jurisdictional historical fact as to whether or not the defendant had theretofore pleaded guilty or been convicted of a like offense and formerly had the judgment and sentence of the court pronounced adjudging him guilty and sentencing him upon such judgment. The offense charged is the unlawful selling of intoxicating liquor and the historical fact which makes the offense a felony and gives the Circuit Court jurisdiction is the former conviction. Both of these facts must be determined separately by the jury against the defendant before the court is authorized to pronounce judgment and sentence adjudging and sentencing the defendant as guilty of a felony.

In this case the record does not disclose that the fact of a former conviction or former plea of guilty and adjudication of guilt upon such plea was affirmatively found by the jury.

The next question presented is whether or not the guarantee of the right of an accused on trial to be heard by himself of counsel or both embraced in Section 11 of the Declaration of Rights was violated by the trial court in limiting the argument of counsel for defendant to a period not exceeding fifteen minutes. This question is not properly before us for determination because no exception was reserved to the action of the trial court and made to appear by the bill of exceptions filed here.

For the reasons stated, the judgment should be reversed and it is so ordered.

Reversed.

Davis, C. J., and Whitfield, Ellis, Terrell and Brown, J. J., concur.