206 So.2d 690 (1968)
Donald Lee BURKHEAD, Appellant,
v.
The STATE of Florida, Appellee.
No. 67-37.
District Court of Appeal of Florida. Third District.
February 13, 1968.
*691 Matthews, Mandina & Lipsky, Miami, for appellant.
Earl Faircloth, Atty. Gen., and Jesse J. McCrary, Jr., Asst. Atty. Gen., for appellee.
Before CHARLES CARROLL, C.J., and HENDRY and SWANN, JJ.
CHARLES CARROLL, Chief Judge.
The appellant was tried on an indictment for rape. A jury found him guilt of assault with intent to commit rape. Adjudication of guilt was entered thereon and a sentence of six months to twenty years' confinement was imposed.
On this appeal by the defendant a number of contentions are made. One is that the trial judge committed reversible error by failing to give a jury charge on assault and battery as a lesser included offense of the crime of rape. Charges were given on the lesser included offenses of assault with intent to commit rape and assault.
It is indeed the duty of the trial court to charge on lesser included offenses. See § 919.16 Fla. Stat., F.S.A. and Jimenez v. State, 158 Fla. 719, 30 So.2d 292. However, the failure to charge thereon, when request is not made, is not necessarily reversible error. See Flagler v. State, Fla. 1967, 198 So.2d 313 and Brown v. State, Fla. 1968, 206 So.2d 377.
Here no timely objection was made by defendant to the absence of the charge, as provided for and required by § 918.10(4). Flagler v. State, supra. Moreover, the record discloses that counsel for the defendant and the trial judge agreed that a charge on assault and battery should not be given, and thus defendant's counsel consented to that omission by the court. Flagler v. State, supra. We hold, therefore, that no reversible error was committed in this respect.
A further contention of the appellant is that the trial court committed reversible error in refusing to grant a mistrial following the statement by the prosecutor in argument that "There is a general feeling in this community that there is no justice." The attorney for the defendant objected and moved for mistrial. The motion for mistrial was denied but the objection was sustained, whereupon the trial judge stated: "For the benefit of the jury, I have sustained the objection, and I instruct you to base your verdict solely upon the evidence in this case, and that alone." We hold, on authority of Morris v. State, 100 Fla. 850, 130 So. 582, that in the circumstances presented, the court dealt with *692 the matter properly, and that the prosecutor's remark did not represent an error which could not be cured by the instruction given by the trial judge with reference thereto.
Additional contentions of the appellant have been considered in the light of the record and briefs, and are found to be without merit.
No reversible error having been made to appear, the judgment appealed from is affirmed.
Affirmed.