PER CURIAM.
Appellant, defendant below, had raised the affirmative defense of entrapment at his non-jury trial. He was convicted of the crimes of: sale of marijuana and possession of marijuana. By this appeal, he contends that a preponderance of the evidence at trial established the defense of entrapment, and therefore, the court erred in not entering a judgment of acquittal or granting a new trial.
An accurate summation of the defense of entrapment is found in Langford v. State, 111 Fla. 506, 149 So. 570, wherein the court stated:
“In determining whether or not an entrapment may be sufficient to constitute a defense, the distinction to be observed is the difference between cases where in one it is shown that officers, in order to establish the basis for a prosecution, entice one who is not engaged in a criminal enterprise to commit an offense mala prohibita, when otherwise the person so enticed would not have engaged in such enterprise, and in the other it is shown that one engaged in an unlawful enterprise is enticed to do an act which may be used as direct evidence of his guilt.”
In the instant case, the evidence conflicted as to which of the two principal parties, i. e., the defendant or the state’s chief witness, originated the criminal enterprise. And, when such conflict is presented regarding the defense of entrapment, the issue of whether such entrapment occurred is for the jury, or judge when sitting as trier of fact. See especially: Wall v. United States (5 Cir. 1933) 65 F.2d 993; Carter v. State, Fla.1963, 155 So.2d 787; Annot. 33 A.L.R.2d 883, 902 (1954). Compare: DiSalvo v. United States (8 Cir. 1924) 2 F.2d 222; and Thomas v. State, Fla.App.1966, 185 So.2d 745 (in both cases,, uncontradicted testimony by the defendant which demonstrated that entrapment had occurred entitled him to dismissal).
The judge, in his capacity as trier of fact, resolved the issue against the defendant and we must therefore affirm.
Affirmed.