239 So.2d 79 (1970)
STATE of Florida, Appellant,
v.
Richard J. ROUSE, Joseph J. DeLuca, Craig W. McGetrick, and Brian H. Powers, a/K/a Norbert Thomasson, Appellees.
No. 70-162.
District Court of Appeal of Florida, Fourth District.
July 24, 1970.
Rehearing Denied September 18, 1970.
Earl Faircloth, Atty. Gen., Tallahassee, and Daniel T.K. Hurley, Asst. County Solicitor, West Palm Beach, for appellant.
Cook, Sholts & Jones, and Ives & Davis, West Palm Beach, for appellees.
WALDEN, Judge.
The state takes this interlocutory appeal from an order suppressing certain physical evidence. We reverse.
The events precipitating this cause arose during certain Rock Festival proceedings in Palm Beach County.
A civilian clothed deputy sheriff, on assignment as an undercover agent, and posed as a photographer, met the defendants and *80 started filming them. After being invited into a van, around which defendants were standing, he shot some film therein.
When asked by defendants whether there was anything else he cared to see the deputy said "Well the only thing I don't have is somebody sitting on the canal bank smoking marijuana." At this point hand rolled marijuana cigarettes were displayed. The deputy photographed defendants smoking marijuana and "simulated" smoking with them.
The undercover officer then went to his car, where, within three to four minutes he made contact with two deputy sheriffs. He relayed what had occurred and described the van and defendants. The deputies' car was stuck in the mud and as they labored to free it (for about 5-10 minutes) they spotted the van.
The undercover officer who had arrived at the scene saw the defendants therein and indicated that it was the vehicle to be halted. (Emphasis added.)
The four were placed under arrest. They and the van were searched and LSD and marijuana were seized.
Defendants were charged with conspiracy to commit a felony, to wit: sale of LSD, and possession of LSD and marijuana.
The lower court granted defendants' motions to suppress the evidence and their statements, in an order in which he found "the evidence upon which the search was based resulted from an entrapment." Defendant Powers' motion to dismiss was granted but not in the aforementioned order.
This court does not have jurisdiction to consider the state's assignment of error relating to the dismissal, as to defendant Powers, because the order of dismissal was not referred to in the notice of appeal.
On who is instigated, induced or lured by an officer of the law, for the purpose of prosecution, into the commission of a crime, which he had otherwise no intention of committing may avail himself of the defense of entrapment. However this defense is not available if the officer acted in good faith for the purpose of detecting a crime and merely furnished an opportunity for the commission thereof by one who had the requisite criminal intent. Lashley v. State, Fla. 1953, 67 So.2d 648.
Decoys are not permissible to ensnare innocent and law abiding persons into the commission of a crime but they may be used to entrap criminals and to present the opportunity to one intending or willing to commit a crime. Koptyra v. State, Fla.App. 1965, 172 So.2d 628.
The rule as to the defense of entrapment arises from decency, good faith, fairness and justice, and the conduct of state agents as well as the defendants' disposition must be considered in determining whether the defense is available. Thomas v. State, Fla.App. 1966, 185 So.2d 745.
In Koptyra, supra, the second district stated "In determining whether or not there is evidence tending to prove entrapment, the distinction to be observed on the facts in this case is whether there was evidence tending to show that the inspector enticed the defendant to possess the marijuana in question when the defendant would not have possessed it without such enticement, thus showing the requisite elements, or whether the defendant, while engaged in the unlawful enterprise of possession of marijuana, was merely enticed to possess it in the presence of the inspector so that his possession could be proven by direct evidence."
The law is settled that entrapment is a question for the jury unless the evidence is so clear and convincing that it can be passed on by the trial judge as a matter of law. Coronado v. United States, 5 Cir.1959, 266 F.2d 719.
In Lashley, supra, our Supreme Court, in considering the denial of the defendant's *81 motion to suppress on the ground of entrapment, indicated "It is generally held that `this manner of obtaining such evidence bears merely upon its credibility, not its admissibility.'"
We cannot consider the facts herein to constitute entrapment as a matter of law and conclude that at best it is a matter for the jury's consideration.
The order of suppression appealed from is therefore reversed and remanded with an instruction to the lower court to vacate it.
Reversed and remanded.
McCAIN and OWEN, JJ., concur.