### STATE v. ROUNDTREE, et al.
No. F71-180.

Court of Record, Brevard County.

July 1, 1971.

Jerrold A. Bross, County Solicitor, and Arthur J. Kutsche, Deputy County Solicitor, for the state.

William H. Roundtree, Cocoa, for the defendants.

JOE A. COWART, Jr., Judge.

Argument on the motion of the defendants for a new trial (CrPR Rule 1.580) was had on May 17, 1971, and the court has considered said motion and argument of counsel and finds that the motion presents questions that should be considered as follows —

I. What is the propriety and prejudicial effect of (1) the bailiff requesting, before the jury venire, court permission to fingerprint and photograph the accused; and (2) the prosecutor's spontaneously stating, before the jury, that the state had no objection to a written statement (affidavit) of undercover agent-witnesses being allowed into evidence (when defense counsel cross-examined the witness about the existence and contents of such statements, the state

having before trial disclosed such statements but denied copies to the defense) thereby forcing defense counsel to appear to oppose the admission of such statements?

The events inferred by the point did, in fact, occur. [1] This court does not feel it can fairly ascribe bad motives to the bailiff and prosecutor, i.e., assume that these remarks or statements addressed to the court or opposing counsel were "intended to influence the jury." [2] This court can, and does, declare such events improper and unfortunate. The legal question is presented as to whether or not these events, alone or together, or with other events, had such sinister influence or prejudicial effect as to deprive the accused of a fair trial. [3] This court knows of no way to accurately appraise the effect of these events on the jury. Neither side has demonstrated either actual prejudice or the lack of it — both sides only argue that the court should or should not draw an inference of prejudice. Whichever side, the state or the defense, has the burden of proof or persuasion on this point, has failed its burden. This court has assumed the burden was on the movant for the new trial — the defendants — and has thus denied the motion on this point. If the trial court should have inferred prejudice and cast the burden on the state to show that no prejudice resulted, this case should be reversed. The court is not even sure the jury heard or comprehended the bailiff's statement. [4] The matter was discussed in chambers. [5] The bailiff did, in fact, report to the court that one juror did ask him what happened about the admission into evidence of one of the undercover agent's statements. [6] The court has considered a number of recent cases relating to improper argument or comment or comments by the prosecutor. [7] They appear to adjudicate only the facts of the particular case and this court failed to

---

1. Tr. 135:
   "MR. KUTSCHE: We have no objection to this going into evidence."

2. Canons of Professional Ethics, Canon 22.

3. CrPR Rule 1.600(b) (5). The court shall grant a new trial if the prosecuting attorney was guilty of misconduct and substantial rights of the defendant were prejudiced thereby.

4. Tr. 16, 17 and 70.

5. Tr. 35 through 38.

6. Tr. 152 through 159.

7. Stewart v. State, Fla. 1951, 51 So.2d 494; Adams v. State, Fla. S.Ct., 1966, 172 So.2d 762; Grant v. State, Fla. S.Ct. 1967, 194 So.2d 612; Kirk v. State, Fla. App. 1969, 227 So.2d 40; Paramore v.

glean from them a clear principle of law that answers the question here. The trial judge cautioned the jury. [8]

## II. Was the jury adequately advised as to the defense of entrapment?

The law relating to the defense of entrapment needs to be better defined by the courts. Trial courts in narcotic cases are being requested more frequently to instruct juries on this defense and the juries are not satisfied with the charges given by the court. The jury in this case, [9] and in many cases, during deliberation desire additional instruction [10] on this point of law. This court originally gave the jury the "usual" charge taken from language in reported cases, [11] yet it is not adequate. Juries (and trial judges) need explicit guidelines in order to insure the equal application of the rule of law and to avoid different conclusions by different finders of fact on what is intrinsically the same factual pattern. Past case law has generally concerned itself with the reasons, principles, theory and application as to particular factual circumstances. [12] What is needed is a reported Florida case carefully formulating a model

---

State, Fla. S.Ct. 1969, 229 So.2d 855; Fitzgerald v. State, Fla. App. 1969, 227 So.2d 45; Wingate v. State, Fla. App. 1970, 232 So.2d 44; Russell v. State, Fla. App. 1970, 233 So.2d 154; Thompson v. State, Fla. App. 1970, 235 So.2d 354.

**8.** Tr. 159 through 162.
State v. Jones, Fla. S.Ct. 1967, 204 So.2d 517; Burkhead v. State, Fla. App. 1968, 206 So.2d 690.

**9.** Tr. 272.

**10.** CrPR Rule 1.410.

**11.** Tr. 262, 263.

**12.** Sherrill, *The Defense of Entrapment: A Plea for Constitutional Standards,* U. of Fla. Law Review, Vol. XX, No. 1, Page 63.
DeFeo, *Entrapment as a Defense to Criminal Responsibility: Its History, Theory and Applicability,* 1 U. San Fran. L. Rev. 243 (1967).
Donnelly, *Judicial Control of Informants, Spies, Stool Pigeons, and Agents Provocateurs,* 60 Yale L.J. 1091 (1951).
Orfield, *The Defense of Entrapment in the Federal Courts,* (1967) Duke L. J. 39.
Rotenberg, *The Police Detection Practice of Encouragement,* 49 Va. L. Rev. 871 (1963).
Comment, *Entrapment: Instigation Not Investigation,* 26 La. L. Rev. 848 (1966).
Comment, *Due Process of Law and the Entrapment Defense,* (1964) U. Ill. L. Forum 821.

charge. [13] Since defenses are substantive law, they should be recognized and defined by the legislature in terms of elements and as clearly as statutes define offenses. The theory of entrapment is well established [14] but courts have apparently not been able to precisely define the spheres of proper and improper inducements, although persistent coaxing; appeals to desperate illness or addictive need or to sympathy, pity or friendship; and offers of inordinate sums of money should certainly be prohibited. Entrapment is an affirmative defense analogous to self-defense and insanity and the burden of proof should be similar; that is, if the accused raises the issue by some evidence (sometimes brought out in the state's case, but more properly presented in the defense case) the state is entitled to rebuttal to negate improper conduct by the police and to submit evidence of his prior propensity and disposition as the evidentiary basis upon which to argue that the crime was really conceived by the accused and the police only furnished him an opportunity; and, further, likewise, the presence of any evidence of inducement should cause entrapment to become an issue and it should then become incumbent upon the state to establish beyond a reasonable doubt facts negating entrapment. [15] A proposed instruction, following this ratio decidendi, is attached. [16]

---

Note, *Entrapment,* 73 Harv. L. Rev. 1333 (1960).
Comment, *The Entrapment Doctrine in the Federal Courts, and Some State Court Comparisons,* 49 J. Crim L., Crim. & Pol. Sci. 477 (1959).

13. Judge Barns did it as to the defense of alibi in Dixon v. State, Fla. App. 4th, 1969, 227 So.2d 740.

14. Sorrells v. U. S., 1932, 287 U.S. 435; 53 S.Ct. 210; 77 L.Ed. 413; 86 ALR 249; reconfirmed in Sherman v. U.S., 1958, 356 U.S. 369. Annotations: *Entrapment to commit crime with view to prosecution therefor,* 18 ALR 146, 66 ALR 478; 86 ALR 263.

15. Analogous to self-defense as in Lane v. State, 44 Fla. 105, 32 So. 896, and later cases, and to insanity, Sallavirta v. State, Fla. App. 1968, 210 So.2d 487.

16. CHARGE ON ENTRAPMENT:
Law enforcement officers may use reasonable efforts to detect and catch a person contemplating the commission of criminal offenses by offering him a normal or usual opportunity to carry his desires and designs into effect; but law enforcement officers should not contrive or inspire a crime to be committed for the purpose of prosecution and should not use such excessive incitement, urging, encouragement, persuasion or undue temptation as may likely, induce a person, not predisposed, to commit an offense of the kind charged. An accused may submit evidence that an officer

### III. Can the trial court, on motion, rule that the defense of entrapment has been established as a matter of law?

Most of the cases considering the sufficiency of evidence relate to whether or not there was sufficient evidence that the trial judge was required to even submit the question to the jury with instructions. [17] That is not the question here. At the close of the state's case the defense moved for a judgment of acquittal under CrPR Rule 1.660(a) and renewed the motion at the close of all the evidence (CrPR Rule 1.660(b)). One of the grounds of these motions was that the evidence was insufficient to warrant a conviction because the evidence established the defense of entrapment as a matter of law. The motion for a new trial (paragraphs 13, 14, 15, 17, 18, 19 and 21) properly raises the same point under CrPR Rule 1.600(a) (2) and (b) (6) and (8).

The question presented is whether a criminal trial judge can determine that an affirmative defense has been established as a matter of law and, on motion, acquit the accused. [18] During the

---

or agent of the law improperly induced the unlawful conduct with which he is charged. This is called the defense of entrapment.

Entrapment is established and you should acquit the accused if you find he was instigated, induced or lured by officers or agents of the law to commit the particular crime charged, unless, in addition to the elements of the offense charged, the state also proves beyond a reasonable doubt that the accused was not improperly induced because either (a) the first idea or suggestion to commit the crime charged originated with the accused; or (b) prior to any inducement, he was already disposed and ready and willing to commit this type of an offense, as shown by evidence of his prior engagement in a course of similar conduct or otherwise.

(Special paragraph for contraband or prostitution: Solicitation, without inducements, by undercover agents, to buy goods the possession or sale of which is prohibited by law, amounting to no more than a mere request or offer to buy at the prevailing price, creates only a usual opportunity to commit this kind of offense and is normally not entrapment.)

To find the accused guilty, you must be satisfied from all the evidence, beyond a reasonable doubt, that he was not entrapped.

**17.** Annotation: *Entrapment to commit offense with respect to narcotics law,* 33 ALR.2d 883, §5, *Submission to jury,* page 902.

**18.** A similar question relating to self-defense was presented in Arnold v. State, Fla. App. 1970, 241 So.2d 192, but that case does not answer the questions because the appellate court found substantial

trial the court hurriedly considered State v. Rouse, Fla. App. 4th 1970, 239 So.2d 79, and Dupuy v. State, Fla. App. 3rd 1962, 141 So.2d 825, and concluded the trial court did not have authority to acquit on the ground that the defense of entrapment has been established as a matter of law [19] and stated that if the court had the authority to do so it would have exercised it in the case because of the inducements shown and the lack of substantial evidence [20] establishing beyond reasonable doubt [21] that the defendants had a predisposition to commit the crime charged. [22] A closer reading of *Rouse* seems to infer that a trial court can determine that entrapment has been established as a matter of law if the evidence is "clear and convincing" [23] and while Dupuy does not discuss a trial

---

evidence refuting the defendant's version of the incident and thereby distinguished Holton v. State, 1924, 87 Fla. 65, 99 So. 244, which reversed a conviction where there was no refutation of the defendant's statement relating to self-defense.

19. Tr. 171, 172.

20. ". . . it is incumbent upon the state to make a showing amounting to more than mere surmise and speculation that the intent to commit crime originated in the mind of the accused and not in the minds of the officers of the government." Dupuy v. State, Fla. App. 1962, 141 So.2d 825.

21. If the state fails to produce substantial competent evidence as to one or more element of the offense charged, it is clear that the trial court should enter a judgment of acquittal under CrPR Rule 1.660; but recognizing the absence of evidence (making a quantitative analysis) is not the same thing as weighing evidence to determine its sufficiency to meet some standard or degree of proof. However, several recent Florida cases seem to hold that the trial judge qualitatively weighs the evidence in holding that a judgment of acquittal should be entered when the state fails to prove a prima facie case *beyond a reasonable doubt,* Weinshenker v. State, Fla. App. 1969, 223 So.2d 561; Mayer v. State, Fla. App. 4th 1970, 231 So.2d 540. The trial court likewise apparently weighs a circumstantial evidence case by the same standards the jury is instructed to use, Williams v. State, Fla. App. 1968, 206 So.2d 446.

22. There may be some evidentiary differences on this point between the two defendants in that the undercover agent-witness Foleno did indicate he had some prior contact or conversation with the defendant Chennault. Tr. 106, 114, 120.

23. *Query:* Is this meant to vary the usual burden of persuasion on the criminal defense as to an affirmative defense of only raising or creating a reasonable doubt? (See Note 15 above.) Was it intended that

judge ruling on entrapment as a matter of law on a motion for a judgment of acquittal, nevertheless, the appellate court there reversed a trial judge *and jury* and found that the appellant should have been found not guilty by reason of entrapment and remanded with instructions to discharge him.

The basic problem in this case is not the facts but that the law on entrapment is not clear as a practical matter and superimposing it upon these, or another set of facts, does not cause a proper legal conclusion to become so plain as to be acceptable to all.

If the accused should have been acquitted as a matter of law granting them a new trial would not be an adequate remedy. They should be discharged. The criminal trial judge's authority to enter a judgment notwithstanding the verdict is not clear. Now that the case has been tried and the facts [24] are in, the undersigned believes justice and the public will be best served by this case affording an appellate court an opportunity to review the case, consider all the trial errors claimed by the defense and the problems discussed herein, announcing the law of the defense of entrapment in the form of a model jury instruction, [25] applying that law to this case and determine, finally and authoritatively, whether or not these accused should be acquitted as a matter of law by reason of entrapment, it is, therefore, ordered and adjudged that the motion for a new trial be and the same is hereby, denied.

---

the standard for acquittal by the court or by the jury be different as to this affirmative defense although it appears to be the same as to the substantive offense? (See Note 21 above.)

24. The transcript in this case is insufficient at least as it relates to motions by counsel and rulings by the court most of which appear to be unintelligible as written.

25. Florida Standard Jury Instructions in Criminal Cases (Fla. Rules of Criminal Procedure Form 1.985), approved by the Supreme Court of Florida, May 27, 1970, contains no instruction on the defense of entrapment.