OWEN, Judge
(dissenting) :
In my opinion the court committed reversible error in denying appellant’s requested instruction to the jury on the defense of entrapment. Somewhat paradoxically, my view in this respect is based in large measure upon the very cases summarily cited in the foregoing per curiam opinion as authority for affirmance.
The historical reason behind, and the substantive nature and content of, the doctrine of entrapment as a defense in a criminal prosecution is well established[1] and need not be restated. The issues here involve certain procedural aspects of the doctrine which deserve some comment.
*31 Although entrapment is frequently spoken of as an affirmative defense,[2] or as in the nature of a confession and avoidance,[3] such designations tend to be misleading, particularly if thought of in the civil practice concept whereby the defendant must not only affirmatively plead an affirmative defense, but also thereafter carry the burden of proving it. However, unlike civil practice procedure, entrapment need not be affirmatively pleaded (since it is available under a plea of not guilty),[4] nor does a defendant asserting such defense have shifted to him the burden to prove his innocence. The State continues at all times to have the burden of proving the guilt of the accused beyond and to the exclusion of every reasonable doubt.[5] Nonetheless, entrapment is an affirmative defense in the sense that a defendant who seeks to rely thereon can do so only if there is adduced competent evidence tending to prove entrapment, which the court finds to be legally sufficient. While pragmatically this burden is more likely to be met by evidence adduced by the defendant, the burden could in a given case be met either in whole or in part by the evidence adduced during the State’s case.
The test of legal sufficiency, a question of law for the court, is simply whether there is competent evidence tending to prove the elements of entrapment which, if believed by the trier of fact, would be sufficient to justify (but not require) a reasonable doubt of guilt in the mind of the trier of fact. It should be obvious that the evidence tending to prove entrapment need not be so clear and convincing that the trier of fact could not reasonably conclude otherwise, since in that event the defense is held to be established as a matter of law and the accused becomes entitled to a judgment of acquittal.[6] Conversely, the defendant has not carried the burden placed upon him and is not entitled to have the issue submitted to the jury when the evidence clearly negates one or more of the elements of entrapment,[7] or when the defendant denies any participation in the offense charged.[8] But when the evidence tending to prove entrapment meets the test of legal sufficiency set forth above, yet falls short of the conclusiveness which would entitle defendant to a judgment of acquittal as a matter of law, the issue of entrapment then becomes a question for the jury.[9]
In my opinion, the evidence in this case, viewed in a light most favorable to appellant, is such as to bring it within this last mentioned category. Testifying in his own behalf, appellant stated that he was approached by a confidential police informer named Pete who, over a period of several weeks, persuaded appellant to make two separate sales of heroin to a police undercover agent; that it was Pete who actually obtained the heroin on both occasions and who received the money from the sales, appellant acting only as a middle man because Pete had said that he and the undercover agent did not trust one another; that except for the two sales in question appellant had never engaged in the sale of heroin. The undercover agent’s testimony was reasonably susceptible of the inference *32 that Pete (who did not testify) was an agent of the State. This evidence, which the jury was free to either accept or discredit, was such that if believed would be legally sufficient to justify (but not require) a reasonable doubt as to appellant’s guilt. Accordingly, in my opinion, appellant was entitled to a jury instruction on his theory of the case.[10]
I would reverse the judgment and sentence, and remand this cause for a new trial.

. See, e. g., Sherman v. United States, 1958, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848; Lashley v. State, Fla.1953, 67 So.2d 648; State v. Rouse, Fla.App. 1970, 239 So.2d 79; Nadell v. State, Fla.App.1969, 229 So.2d 592; Koptyra v. State, Fla.App.1965, 172 So.2d 628.

. e. g., Martinez v. United States, 10 Cir. 1967, 373 F.2d 810.

. e. g., Koptyra v. State, Fla.App.1965, 172 So.2d 628.

. Koptyra v. State, Id.

. Martinez v. United States, 10 Cir. 1967, 373 F.2d 810.

. Sherman v. United States, 1958, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848; State v. Rouse, Fla.App.1970, 239 So.2d 79; Thomas v. State, Fla.App.1966, 185 So.2d 745.

. Brosi v. State, Fla.App.1972, 263 So.2d 849; Blackshear v. State, Fla.App.1971, 246 So.2d 173.

. Pearson v. State, Fla.App.1969, 221 So.2d 760; Ivory v. State, Fla.App.1965, 173 So.2d 759.

. Martinez v. United States, 10 Cir. 1967, 373 F.2d 810; State v. Rouse, Fla.App.1970, 239 So.2d 79; Nadell v. State, Fla.App.1969, 229 So.2d 592; McDade v. State, Fla.App.1968, 211 So.2d 242.

. McDade v. State, Fla.App.1968, 211 So.2d 242.