270 So.2d 410 (1972)
John Robert STIGLITZ, Appellant,
v.
STATE of Florida, Appellee.
No. 71-524.
District Court of Appeal of Florida, Fourth District.
December 12, 1972.
*411 Donald S. Reisman, Hallandale, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and William W. Herring, Asst. Atty. Gen., West Palm Beach, for appellee.
CROSS, Judge.
Appellant-defendant, John Robert Stiglitz, was charged by information with the unlawful sale of marijuana, tried before a jury, convicted, adjudged guilty by the court and sentenced. He appeals. We reverse.
On October 13, 1970, John Robert Stiglitz and Daniel McGlynn were passengers in an automobile being driven by one Broderick Shields. The three were smoking marijuana. Randy Trout, an undercover narcotics officer driving a 1956 Dodge, pulled alongside the automobile being operated by Shields in which Stiglitz and McGlynn were passengers and started a conversation. During the conversation, McGlynn passed a partially smoked marijuana cigarette to Stiglitz with instructions for Stiglitz to pass the cigarette to Trout. Trout took the cigarette and "fake smoked" it. McGlynn then asked Trout whether Trout wanted to buy any marijuana. Trout replied that he was interested in purchasing some marijuana, and both automobiles pulled off the road. Trout spoke with McGlynn and made arrangements to purchase an ounce of marijuana. Stiglitz was not a party to this conversation.
Pursuant to those arrangements, Trout met McGlynn, who was accompanied by Stiglitz and another person, in the parking lot of a restaurant and Trout bought an ounce of marijuana. Trout and McGlynn also discussed the purchase of a larger amount of marijuana by Trout from McGlynn. Stiglitz was not a party to this conversation either. Stiglitz was, however, asked to give his phone number to Trout, because neither McGlynn nor Trout had a phone number at which they could be reached. Stiglitz complied with this request and gave his phone number to Trout in order that Trout could find out when the marijuana would be available.
*412 Trout subsequently called Stiglitz who told Trout that he did not want to become involved in any sale of marijuana. Trout, however, kept "bugging" Stiglitz, until Stiglitz finally told Trout to call him back later. Trout called Stiglitz again and arrangements were made for the sale of the marijuana. Pursuant to these arrangements, Trout met Stiglitz, McGlynn and two others in another restaurant parking lot. Stiglitz was present because he drove McGlynn and the others to the lot as the only other automobile available to McGlynn was not working properly. Stiglitz showed Trout where the marijuana was. Trout took the marijuana and placed it in his automobile, at which time Stiglitz and the others were arrested.
At trial Stiglitz requested the trial court to instruct the jury on the defense of entrapment. This request was denied. The jury returned a verdict of guilty. He was thereupon adjudged guilty by the trial court and sentenced. This appeal followed.
The primary thrust of this appeal is that the trial court erred when it failed to instruct the jury on the defense of entrapment. A defendant is entitled to have the jury instructed on the rules of law applicable to his theory of defense if there is any evidence to support the instructions. Stinson v. State, 245 So.2d 688 (Fla.App. 1971). The appellant's defense in the instant case was entrapment.
The defense of entrapment (and thus the appropriate jury instruction) is available to (a) one who is instigated, induced or lured by an officer of the law (b) for the purpose of prosecution into the commission of a crime, (c) which he otherwise had no intention of committing. But such defense is not available where the officer acts in good faith for the purpose of discovering or detecting the crime and merely furnishes the opportunity for the commission thereof by one who already has the requisite criminal intent. Lashley v. State, 67 So.2d 648 (Fla. 1963); State v. Rouse, 239 So.2d 79 (Fla.App. 1970); 2 Fla.Jur., Criminal Law § 409 (1972).
Relating the testimony in the case sub judice to the first element, we find that Stiglitz was approached by an undercover police officer disguised as a "hippie." The officer engaged Stiglitz and his companions in conversation and made arrangments for the purchase of marijuana. In order to consummate these plans, Trout was forced to "bug" Stiglitz until Stiglitz finally agreed to participate in the sale. This evidence is sufficient to satisfy the first element of the defense.
Turning now to the second element, it is readily seen that this element is satisfied by the information filed against Stiglitz.
As to the third and final element, Stiglitz testified that he had never been involved in the sale of marijuana before. The testimony also revealed that Stiglitz had no apparent reason to participate in the sale charged as the marijuana did not belong to him and he would have derived no financial benefit from its sale. From this testimony the jury could find that Stiglitz otherwise had no intention of committing this crime.
While admittedly the above testimony is neither conclusive nor uncontradicted, the evidence is sufficient to support a jury instruction on the defense of entrapment. Accordingly, the appellant was entitled to have the jury determine the question of entrapment, and the trial court erred in refusing to charge the jury on the defense of entrapment. Carter v. State, 155 So.2d 787 (Fla. 1963); State v. Rouse, supra; Nadell v. State, 229 So.2d 592 (Fla.App. 1969); McDade v. State, 211 So.2d 242 (Fla.App. 1968); Dupuy v. State, 141 So.2d 825 (Fla.App. 1962).
We have carefully examined the remaining points raised by appellant and have determined them to be without merit.
*413 Accordingly, the judgment of the trial court is reversed and the cause remanded for a new trial.
Reversed and remanded.
WALDEN and OWEN, JJ., concur.