WALDEN, Judge.
Leo Robinson and Time Moses McFadden were charged with a criminal offense, the sale of heroin. They pleaded not guilty and sought jury trial.
Pretrial, Robinson filed a written motion to dismiss the charges on the ground that he was entrapped. McFadden then filed his motion to dismiss on grounds that he did not sell, offer to sell, or deliver any drugs.
After a full evidentiary hearing, the trial court dismissed both cases. It was thereby apparently determined, as a matter of law, that these motions had merit. Since McFadden’s motion — really asking for a pretrial determination of his guilt or innocence- — stated no cognizable ground, we construe the trial court decision to mean that he, too, was entrapped into illegal activity as a matter of law.
 We have carefully screened and surveyed the eighty page transcript of the motion hearing and feel it would serve no purpose to re-create it here. Suffice it to say, we are altogether convinced that the evidence of the State supports a finding that neither of the defendants were entrapped while the defendants’ testimony is otherwise.
It is the law of this state that entrapment is a question for the jury unless the evidence is so clear and convincing that it can be passed on by the trial judge as a matter of law. With the state of the evidence here being as it is — in conflict — we are of the opinion that the trial court judgment must be reversed and the entrapment issue left for the jury. We reverse upon authority of Nadell v. State, Fla.App.1969, 229 So.2d 592, and State v. Rouse, Fla.App. 1970, 239 So.2d 79.
Reversed and remanded.
CROSS and OWEN, JJ., concur.