MAGER, Judge
(dissenting) :
Based upon the testimony in the record the trial court acted properly in leaving the question of entrapment for the jury’s determination. The law is well settled that entrapment is a question for the jury unless the evidence is so clear and convincing that it can be passed on by the trial judge as a matter of law. State v. Rouse, 239 So.2d 79 (Fla.App.1970). The evidence in the record does not meet the test set out in State v. Rouse, supra, so as to enable the issue of entrapment to be withdrawn from the jury and decided as a matter of law by the trial judge. On the contrary, there is a conflict in the testimony between the state’s witnesses and the defendants so as to necessitate a factual determination as to whether defendants were merely presented with the opportunity of committing a crime or whether the criminal design or intent originated in the minds of the officers who by persuasion induced its commission by the accused. Carter v. State, 155 So.2d 787 (Fla.1963), appeal dismissed 376 U.S. 648, 84 S.Ct. 983, 11 L.Ed.2d 980. See also Nadell v. State, 229 So.2d 592 (Fla.App.1969). Under such circumstances the trial court wisely left the question of entrapment for the jury to resolve and I would sustain the trial court’s refusal to grant defendants’ motion for a directed verdict of acquittal.