PER CURIAM.
In this appeal, the appellant presents three points. The first point urges error in sentencing because the trial court sentenced the appellant for both the sale and possession of a narcotic drug when the crime arose out of the same transaction. See Yost v. State, Fla.App.1971, 243 So.2d 469. In the present instance, appellant was sentenced to three years upon each of the named crimes, the sentences to run concurrently. Under these circumstances, it is not necessary to remand the cause to the trial court. See Johnson v. State, Fla.App.1972, 260 So.2d 212; Martin v. State, Fla.App.1971, 251 So.2d 283. We correct the improper sen *867 tence by striking therefrom the three year concurrent sentence upon the conviction for possession of a narcotic drug.
Appellant’s second point urges that the court, sitting without a jury, erred in finding the appellant guilty because the de-fence of entrapment was proved and not refuted as a matter of law. We find this point does not present reversible error for the reasons set out in Langford v. State, 111 Fla. 506, 149 So. 570 (1933); Brosi v. State, Fla.App.1972, 263 So.2d 849.
Appellant’s third point challenges the sufficiency of the evidence to support appellant’s conviction upon a charge of the unlawful possession of a firearm while engaged in a criminal offense. See Fla. Stat. § 790.07, F.S.A. A review of the record shows that appellant’s contention is without merit. Accordingly, the judgment is affirmed and the sentence is amended by striking therefrom the three year concurrent sentence upon the charge of possession of a narcotic drug and as amended the sentence is affirmed.