PER CURIAM.
Defendant-appellant was informed against for (1) robbery and (2) assault with intent to commit murder, tried by jury, found guilty of robbery and sentenced to serve 15 years in the state penitentiary.
Appellant first contends that the trial court erred in denying his motion for discharge because he was ready to stand trial 180 days after his arrest and the failure to discharge deprived him of his right to a speedy trial.
The record in the case sub judice reflects that the defendant requested a psychological examination to determine his competency to stand trial and after he was adjudged competent on March 19, 1973 agreed on July 9, 1973 to a continuance until September 24, 1973. After defendant’s motion for discharge was denied, trial was set for November 26, 1973.
In light of the above facts, we find that the time limitations in the speedy trial rule were no longer applicable and the trial judge as in the case at bar was authorized to set a trial date within a reasonable time. See RCrP 3.191(d)(2), (3), and State ex rel. Butler v. Cullen, Fla.1971, 253 So.2d 861. Thus, this point of appellant must fail.
Defendant secondly contends the trial court gave an erroneous instruction on the issue of entrapment. We cannot agree.
The defense of entrapment is available to those persons who are induced by an officer of the law to commit a crime which they had otherwise no intention of committing and, conversely, not available to those persons with the requisite criminal intent who are furnished merely with the opportunity to commit a crime by an officer of the law acting in good faith with the purpose of detecting and preventing crime. Dupuy v. State, Fla.App.1962, 141 So.2d 825.
We find that the entrapment instruction given by the trial judge reflects the above rule as to the defense of entrapment and further that this defense properly was submitted to the jury for its determination. See State v. Rouse, Fla.App.1970, 239 So. 2d 79.
We also have considered appellant’s remaining points on appeal and find them to be lacking in merit.
Accordingly, the judgment herein appealed is affirmed.
Affirmed.