337 So.2d 421 (1976)
STATE of Florida, Appellant,
v.
Larry SMAIL, Appellee.
No. 76-486.
District Court of Appeal of Florida, Second District.
September 24, 1976.
*422 Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellant.
Wilbur C. Smith, III, Smith & Carta, Fort Myers, for appellee.
GRIMES, Judge.
In State v. Snail,[1] Fla.App.2d, 1975, 323 So.2d 626, this court affirmed an order dismissing a charge of sale of marijuana but reversed the dismissal of two counts charging possession of marijuana and psilocybin. Following remand, the court entered an order suppressing evidence of the marijuana and psilocybin which was in Smail's possession at the time of his arrest. The state now appeals this order.
The pertinent facts of this case are discussed in more detail in our previous opinion. Suffice it to say, we affirmed a dismissal of the sale charge because it was apparent that the state was unable to furnish a witness who could dispute Smail's sworn statement that he had been entrapped into making the sale. At the same time, we reinstated the information on the possession charges because there was no evidence in the record from which we could conclude as a matter of law that the state had lured Smail into possession of the narcotics. The premise upon which the court below then entered its order of suppression was that the evidence seized was a direct result of the "illegal entrapment activities" referred to in our prior opinion. We find it necessary to reverse this order.
In our opinion we included the following quotation from Koptyra v. State, Fla.App.2d, 1965, 172 So.2d 628, which sets forth the applicable law on the defense of entrapment to possess contraband.
"In determining whether or not there is evidence tending to prove entrapment, the distinction to be observed on the facts in this case is whether there was evidence tending to show that the inspector enticed the defendant to possess the marijuana in question when the defendant would not have possessed it without such enticement, thus showing the requisite elements, or whether the defendant, while engaged in the unlawful enterprise of possession of marijuana, was merely enticed to possess it in the presence of the inspector so that his possession could be proven by direct evidence."
Admittedly, it is the law of the instant case that Smail was entrapped into making the sale of marijuana, but can it be said as a matter of law that he was entrapped into possessing it, or to put it another way, that he would not have possessed it without the enticement of the law enforcement officers? Reference to Smail's affidavit which is quoted in our prior opinion reflects that in the course of the undercover agent's efforts to get him to make the sale, Smail admitted that he had some marijuana. When Smail finally succumbed to the agent's persuasion, they went to Smail's house where the sale took place. A search warrant was later obtained, and the narcotics in question were seized.
Clearly, it cannot be said as a matter of law that Smail was enticed to possess the marijuana as contrasted to being enticed to sell the marijuana. Moreover, the missing agent who was an essential witness, if the defense of entrapment to sell was to be contradicted, is not necessarily essential to the state's proof of possession, because another agent accompanied them when they went to Smail's house.
Smail's reliance on Wong Sun v. United States, 1963, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441, is misplaced. In Wong Sun, the U.S. Supreme Court ruled that verbal evidence obtained as the result of an unlawful search should be excluded as *423 fruits of the unconstitutional action of the police. However, that same court has rejected the contention that all prosecutions stemming from police involvement in criminal activity must be constitutionally prohibited. United States v. Russell, 1973, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366. It is well settled that deception and artifice may, under certain circumstances, properly be employed to catch those engaged in criminal activity. Langford v. State, 1933, 111 Fla. 506, 149 So. 570; see 33 A.L.R.2d 883. Moreover, entrapment, as such, is not a crime.
In the final analysis, we cannot see how the entrapment to sell marijuana could taint a conviction for possession of marijuana which Smail has admitted that he had all along. The doctrine of entrapment precludes a person from being convicted of an offense which he was induced to commit. However, the activities which constituted the entrapment ought not taint conviction of a separate offense committed without entrapment. The charges stand separately and a defense to one may not necessarily be sufficient to defeat the other. Suppose Smail had not been charged with the sale of marijuana, in which event there would never have been an adjudication that he was entrapped into selling it. Then, even though the agents had obtained access to his house by inducing him to make a sale, all he could argue in defense of the charge of possession was that he was tricked into exposing the drugs of which he was possessed.
Accordingly, the order is reversed, and the case is remanded for further proceedings consistent with this opinion.
BOARDMAN, Acting C.J., and SCHEB, J., concur.
NOTES
[1] Apparently appellee's proper name is Smail, and he will hereafter be called by that name.