BOARDMAN, Chief Judge.
Appellant was sentenced to five years imprisonment for violation of Section 893.13 of the Florida Comprehensive Drug Abuse Prevention and Control Act.
*853 It is the contention of appellant that the trial court committed reversible error in refusing to grant a mistrial following the testimony of state’s witness, Detective Ray Emmons of the Clearwater Police Department. The allegedly prejudicial testimony was as follows:
Q I ask you, was Harry V. Preston arrested on the date of this transaction?
A No, he was not.
Q Why was he not?
A Because at this particular point in time, we were making a series of heroin buys in the North Greenwood area. We were also involved in a major case of heroin in Largo, the City of Largo which all connected, all these people were connected, either directly or indirectly together.
The defense attorney promptly objected and moved for a mistrial on the ground that the testimony connected appellant to drug transactions other than the one for which he was being tried. The judge denied the motion. It was not necessary to and counsel for appellant did not request a cautionary instruction either before or after the motion for a mistrial was made.[1]
Prior to Detective Emmon’s testimony other testimony of appellant’s comment to the witness to the effect that appellant was a drug wholesaler had been properly presented without objection. In consideration of all of the testimony introduced at trial we hold that Detective Em-mon’s testimony did not materially prejudice appellant’s right to a fair and impartial trial, and the motion for a mistrial was properly denied. Whether it would have been reversible error to deny a request to strike or to instruct the jury to disregard the testimony is not an issue on appeal. Moreover since the introduction of this testimony clearly did not constitute fundamental error and since no request to strike or disregard was made that question was not preserved for purposes of appeal. See Matthews v. State, 130 Fla. 53, 177 So. 321 (1937).
AFFIRMED.
HOBSON and GRIMES, JJ., concur.

. It may be arguable that several cases decided by the Third District Court of Appeal hold that in all circumstances a predicate must be made for a motion for a mistrial by objecting to the alleged error and requesting a cautionary instruction. An improper remark is ordinarily an error which could be cured by objection and cautionary instruction. See Burkhead v. State, 206 So.2d 690 (Fla. 3d DCA 1968). It hardly bears repeating however that a mistrial is properly requested and granted where the error complained of or the aggregate of errors previously objected to is so prejudicial to a defendant’s substantial rights including his right to a fair and impartial trial that a cautionary instruction to the jury would not be sufficient. Perry v. State, 146 Fla. 187, 200 So. 525 (1941); Mabery v. State, 303 So.2d 369 (Fla. 3d DCA 1974). As correctly stated in Mabery a motion for a mistrial may also be based on a denial of a cautionary instruction or on an inadequate cautionary instruction. We do not read Panzavecchia v. State, 311 So.2d 782 (Fla. 3d DCA 1975), Ricks v. State, 242 So.2d 763 (Fla. 3d DCA 1971), or Davis v. State, 281 So.2d 551 (Fla. 3d DCA 1973) as requiring that an objection and a request for a cautionary instruction precede a motion for a mistrial.