LARRY G. SMITH, Judge.
Hampton appeals his conviction of burglary, and Dunsford appeals his conviction of burglary and grand theft. Hampton relies for reversal upon his contention that the trial judge erroneously instructed the jury on the presumption arising from the unexplained possession of recently stolen goods (Florida Standard Jury Instructions, Criminal Cases), without adequate factual basis for the giving of that instruction. *92 Dunsford contends that the “unexplained possession” instruction amounted to an unfair comment on his exercise of his “Miranda” rights, and that since he explained his possession of the stolen property at the trial, the instruction gave the improper implication that he had not explained it. Both appellants present a third issue, that the court erred in failing to grant a mistrial on appellants’ motion after an investigating officer testified that his investigation confirmed that two juveniles (who were not on trial) were not involved in the burglary and theft. We affirm the convictions as to each appellant.
Hampton’s contention that the evidence relating to the stolen character of tires and a Volkswagen engine recovered from Hampton’s home did not justify the givrng of the unexplained possession instruction merits consideration. Although Investigator Franklin claimed that the two tires seized from Hampton’s residence had been identified as belonging to the victim, employees who identified other goods stolen during the burglary testified that they had not identified the tires as being stolen. Further, Hampton’s wife testified that her husband owned the tires. The Assistant State Attorney who argued the case conceded the insufficiency of the evidence relating to the tires when he stated to the jury that he could not say whether the tires were stolen, that he did not know “whether they were or not,” and that it “very well could be that the tires were not stolen.” Additionally, Hampton points out that no one ever identified the Volkswagen engine seized at Hampton’s home as being the one stolen from the victim. Thus the identity of these allegedly stolen items was not established beyond a reasonable doubt. Florida Standard Jury Instructions in Criminal Cases 2.14; Kennedy v. State, 31 Fla. 428, 12 So. 858 (1893); Adams v. State, 102 So.2d 47 (Fla. 1st DCA 1958). The State, on the other hand, argues that the instruction was proper because the witness Harry Joiner, who was implicated in the offense with appellants, testified in behalf of the State that he, Dunsford and Hampton burglarized the auto parts store, unloaded a Volkswagen engine and two tires at Hampton’s residence, then proceeded to Dunsford’s home where they unloaded the remaining stolen goods.
We think it is improper for the trial court to instruct the jury that there is an inference of guilt when the identity and stolen character of the property is established solely by evidence in the form of the testimony of an accomplice in the theft or burglary. The rule itself, which recognizes an inference of fact arising from the possession of recently stolen property, is one relating to the probative value of circumstantial evidence. See State v. Young, 217 So.2d 567 (Fla.1968); Griffin v. State, 370 So.2d 860 (Fla. 1st DCA 1979). The testimony of the accomplice Joiner, relating to his participation in the stealing of the property and the depositing of some tires and an engine at Hampton’s residence, was not circumstantial, but direct evidence. We can conceive of no logic or reason for the supposed existence of any presumption or inference arising from facts established by this testimony. Joiner’s testimony that the tires and the engine found at Hampton’s residence were in fact stolen carries no greater probative value than Joiner’s testimony that Hampton helped he and Dunsford steal them.
While we consider that it was improper to give the unexplained possession charge with respect to Hampton, we also conclude that the error was harmless. Since tires and a Volkswagen engine were stolen, the discovery of tires and a Volkswagen engine at Hampton’s home is a circumstance that might be considered in corroboration of Joiner’s testimony, notwithstanding the lack of other evidence specifically identifying the property as that stolen from the victim. In view of the nature of the evidence against appellant Hampton we are of the view that the jury could not have been mislead by the unexplained possession charge, and we accordingly hold that the error was harmless.
Appellant Dunsford’s arguments with respect to the giving of the unexplained pos *93 session charge have been recently disposed of in Smith v. State, 394 So.2d 407 (Fla.1980), in which the court reaffirmed its holding in State v. Young, 217 So.2d 567 (Fla.1968), cert. den. 396 U.S. 853, 90 S.Ct. 112, 24 L.Ed.2d 101 (1969). Here, as in Smith v. State, supra, Dunsford gave no explanation for his possession of the recently stolen property at the time of his arrest. The cited cases hold that the accused’s Fifth Amendment right to remain silent is not violated by the instruction. See also Barnes v. United States, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973), and Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970). The facts in Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), relied upon by appellant, make that case inapplicable.
Appellant Dunsford’s contention that the possession instruction was erroneous because it improperly reflected upon the credibility of his explanation of his possession given at the trial has been recently disposed of by this court’s ruling in Lynn v. State, 395 So.2d 621 (Fla. 1st DCA 1981).
Finally, we conclude that the trial court’s curative instruction to the jury to disregard the testimony of Investigator Franklin with regard to the role of the juveniles in the offense satisfactorily alleviated any prejudice resulting from the Investigator’s improper testimony. No abuse of discretion in the failure to grant a mistrial has been shown. See Perry v. State, 146 Fla. 187, 200 So. 525 (1941); Preston v. State, 342 So.2d 852 (Fla. 2nd DCA 1977), and Burkhead v. State, 206 So.2d 690 (Fla. 3rd DCA 1968).
AFFIRMED.
ROBERT P. SMITH, Jr. and JOANOS, JJ., concur.