[Crim. No. 13787. Second Dist., Div. One. May 6, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. JOHN EDWARD FERGUSON, Defendant and Appellant.

John Edward Ferguson, in pro. per., and Bruce M. Margolin, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Richard Tanzer, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of selling marijuana.

In an information filed in Los Angeles on June 2, 1966, Ferguson was charged in count I with selling marijuana on February 28, 1966, in count II with selling marijuana on March 9, 1966, in count III with selling marijuana on April 15, 1966, and in count IV he was charged with codefendant Joan Reeves with possessing marijuana on April 15, 1966. Subsequently the charge against Reeves was dismissed. Defendant pleaded not guilty and in a nonjury trial he was found guilty as charged in counts I, II, and III and not guilty as charged in count IV. At the time of sentence, proceedings were suspended and defendant was placed on probation for five years, a part of the terms being that he spend the first six months in the county jail, that he not use or possess narcotics or narcotics paraphernalia, that he not associate with narcotics users or sellers and that he obey all laws, orders, rules and regulations of the probation department of the court. Defendant filed a timely notice of appeal. Pursuant to rule 12(a) of Rules of Court the original file in the superior court proceeding is transmitted to this court.

A résumé of some of the facts is as follows: On or about February 28, 1966, Deputy Sheriff Burkett, working as an undercover officer, at about 4:35 p.m. in the company of William Cadoo, went to defendant's house in Woodland Hills, a high-income-residential area. There Cadoo introduced defendant to Officer Burkett. Defendant said, "What can I do for you?" and Cadoo and Officer Burkett each stated that they would like a "can." Defendant left the room and returned with two wax paper bags under his shirt. Officer Burkett handed defendant $10 and Cadoo did likewise. The $10 Cadoo had was previously handed to him by Officer Burkett. Defendant handed to Officer Burkett and Cadoo each a wax paper bag containing marijuana. Officer Burkett talked with defendant about the purchase of a kilo of marijuana and defendant responded that he could not get Officer Burkett a kilo but possibly could get a half-pound in a short time.

On March 9, 1966, at about 7:20 p.m. Officer Burkett and Cadoo again went to defendant's house and were admitted by Joan Reeves who apparently was living with defendant at the house. In about five minutes, defendant entered the house.

Defendant walked into another room and shortly thereafter returned and handed six wax paper bags containing marijuana to Cadoo. Cadoo handed three of the bags to Officer Burkett in the presence of defendant. Officer Burkett handed defendant $50, inquired if that was the correct amount, and defendant responded that it was.

On April 15, 1966, at about 7:50 p.m. Officer Burkett went to defendant's house and was met at the front door by defendant who apparently invited him into the house. Officer Burkett was seated on a couch and defendant walked into a bedroom area and returned shortly with eight wax paper bags containing marijuana. The officer paid defendant $60 and the bags were handed to him. The serial numbers of the money used by Officer Burkett in the purchase had been recorded previously. Officer Burkett left defendant's residence, went to a car and turned the contraband over to Officer Grow. The two officers returned to defendant's house and were admitted by defendant. Officer Burkett placed defendant under arrest. A search of defendant revealed the $60; the serial numbers thereof corresponded with the list of numbers in the possession of Officer Grow. Officer Burkett had talked with defendant on the telephone on March 18, 1966, at about 10:20 a.m.; on March 20, 1966, at 1 p.m.; on April 3, 1966, at 1:35 p.m.; on April 8, 1966, at 11:10 a.m.; on April 12, 1966, at 9:20 a.m.; on April 13, 1966; on April 14, 1966, at 2:55 p.m.; and on April 15, 1966, at 4 p.m. Defendant never did give Officer Burkett any reason for not dealing with him in marijuana transactions other than that he was out of stock on some of the occasions. Officer Burkett never told defendant that he was physically ill and needed the marijuana or L.S.D. or any other substance.

Defendant testified in his own behalf and said with reference to the first transaction that he had told Cadoo that he could get him some marijuana, that he did get some and that he did sell it as charged—that he thought he was dealing with a friend. Defendant testified with reference to the second transaction that he had run across some marijuana and had told Cadoo and Officer Burkett that he had some and made the sale for $50. He further testified with reference to the third transaction that he had run across some marijuana and had sold "eight" to Officer Burkett, that he thought Officer Burkett was a user and he was just doing him a favor. He admitted on cross-examination that the marijuana in question was his. Typically, as it frequently occurs, defendant when

asked whether he knew the name of the man from whom he had purchased the marijuana said that he did not, that he did not know where or how to reach him and that he just happened by on occasions.

The probation report in this case indicates that defendant admitted to the daily use of marijuana since October of 1965, that he felt inadequate and had fallen in with a "bunch of bums." The probation officer noted that the largest sale was ".only" $60 and the amount, "although significant doesn't indicate that he was a large supplier" and recommended probation.

Appellant now asserts that his privately engaged counsel at trial was incompetent and that he was entrapped into the sales.

■ Appellant argues that his attorney was inadequate for he failed to advise him with reference to a choice between trial by jury and trial by the court, that he was not told of his right to remain silent, that the direct examination was improperly conducted and that he failed to call Cadoo as a witness. The record is clear that the difference between a jury trial and a court trial was explained to him before any testimony was taken. The appellant himself requested a trial by the court.

Appellant never complained until the present time about his attorney, and the record, to this court, discloses that the attorney did as well as could be expected under the facts. It is stated in *People* v. *Hill,* 67 Cal.2d 105, 114-115 [60 Cal.Rptr. 234, 429 P.2d 586] :

"Except where representation by counsel is so ineffective that it can be described as a 'farce or sham' [citations], an attorney may ordinarily waive his client's rights [citation] as to matters of trial tactics and ' "control the court proceedings." ' [Citations.] Ordinarily, counsel need not inform his client of a particular right prior to waiving it for him. [Citation.]" (See also *People* v. *Williams,* 174 Cal.App.2d 364, 391 [345 P.2d 47] ; *People* v. *Barreto,* 256 Cal.App.2d 392 410-411 [64 Cal.Rptr. 211].)

As to whether to call a witness is a matter of trial strategy and this court, under the circumstances of this case, is not going to second-guess the attorney who was trying the case. (See *People* v. *Wells,* 256 Cal.App.2d 463, 468 [64 Cal. Rptr. 59].)

The only farce or sham in this case was for appellant to plead not guilty in the face of admitted sales of narcotics to the officer. Trial counsel was able and aggressive and did what

he could with the facts he had to work with. (See *People* v. *Cameron,* 256 Cal.App.2d 135, 138 [63 Cal.Rptr. 807].)

The record is clear from a reading thereof that appellant was not entrapped. The trial judge who saw and heard the witnesses testify by implication found there was no entrapment. There was no undue persuasion, coercion or unusual enticement by the officers in this case. The appellant readily and without reluctance accepted the proposals for the respective sales. The finding of the trial court will be upheld if the record contains substantial evidence from which it may be inferred that the criminal intent to commit the charged offense originated in the mind of the accused. There is such evidence in this case. (See *People* v. *Sweet,* 257 Cal.App.2d 167, 169-170 [65 Cal.Rptr. 31]; *People* v. *Meacham,* 256 Cal.App.2d 735, 744-746 [64 Cal.Rptr. 362].)

There is no reversible error in the record in this case.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.