LESTER, M. IGNATIUS, Associate Judge.
The defendants appeal from an order of probation in the Court of Record for Bre-vard County, Florida. The defendants were each charged with possession and sale of marijuana. The defendants were placed on probation.
The primary issue is whether or not the trial judge erred in refusing as a matter of law to grant the defendants’ motions to direct verdicts of acquittal for the defendants on their defense of entrapment.
The defendants attended Brevard Community College at Cocoa, Florida. Ronald Foleno, an undercover agent for the Bre-vard County Sheriff’s Department, also attended said Community College. The record also discloses that Foleno became a sworn and bonded deputy during October 1970.
During the summer of 1970, according to Foleno’s testimony, he had one conversation with the defendants, Roundtree and Chennault, who offered to sell him marijuana. The record further reveals on cross-examination that Foleno on a subsequent date advised agent Jim Criss of the Brevard Sheriff’s Department that he knew something about people using drugs in Brevard County. Agent Criss asked Foleno if he would help work on such cases. On further cross-examination, Foleno testified that it was his intention to contact Defendant Roundtree and try to get him to sell marijuana to him. Agent Criss told him to carry out his intentions and try to make a buy of marijuana from the Defendant Roundtree.
During the fall of 1970, Foleno approached Roundtree at the Student Union Building and brought up the discussion about Roundtree obtaining marijuana for him. Testimony discloses that since the initial contact in the summertime, neither Roundtree nor Chennault had made any offer to sell marijuana to Foleno, even though they had seen each other or had been with each other on many occasions.
*162 As a result of the meeting' at the Student Union Building, Roundtree told Foleno to meet him on the north side of the Liberal Arts Building of the Brevard Junior College campus. Foleno showed up at the appointed time and place with Agent Jim Criss observing at a distance. Neither Roundtree nor Chennault appeared. Fol-eno inquired as to the defendants’ whereabouts and learned that they were at Chennault’s house where he visited with them, and they advised Foleno that he would have to call back and they would meet him later that evening. Foleno talked with Defendant Chennault over the telephone and was advised to meet at McDonald’s on Merritt Island, at which time the sale was consummated.
It is clear and convincing that the defendants were induced into committing an offense which they otherwise would not have committed and had no intention of committing. Any intention to make a sale in the summer was too remote to be considered in connection with a sale made in the fall. If the criminal intent or design to commit the offense originates in the mind of the person who seeks to entrap the accused merely for the purpose of arresting and prosecuting him, no conviction may be made.
The general rule as to the defense of entrapment is set forth in Dupuy v. State, 141 So.2d 825, 826 (Fla.App.1962), as follows:
“[Djefense of entrapment is available to those who are instigated, induced or lured by an officer of the law or other person to commit a crime which they had otherwise no intention of committing and, conversely, not available to those with the requisite criminal intent who are merely furnished with the opportunity to commit crime by an officer of the law or other person acting in good faith with the purpose of detecting and preventing crime.”
The rule springs from decency, good faith, fairness and justice. Peters v. Brown, 55 So.2d 334 (Fla.1951), and Thomas v. State, 185 So.2d 745 (Fla.App.1966).
Since there was entrapment in these cases, there is no need to consider and rule on the several other points on appeal.
The order on probation is reversed and the causes remanded with directions to discharge the defendants.
Reversed.
REED, C. J., concurs.
MAGER, J., dissents, with opinion.