UNITED STATES of America, Plaintiff-Appellee,

v.

Nolan J. WILLIAMS, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

Jeri G. MATZA, Defendant-Appellant.

Nos. 73-1893, 73-1972.

United States Court of Appeals, Ninth Circuit.

Nov. 6, 1973.

Frank O. Bell, Jr., Asst. Federal Public Defender (argued), James F. Hewitt, Federal Public Defender, San Fran-

cisco, Cal., for defendant-appellant Williams.

Herbert W. Yanowitz (argued), San Francisco, Cal., for defendant-appellant Matza.

Larry Callaghan, Asst. U. S. Atty. (argued), James L. Browning, Jr., U. S. Atty., John C. Gibbons, F. Steele Langford, James H. Daffer, Asst. U. S. Attys., San Francisco, Cal., for plaintiff-appellee.

Before CHAMBERS, CHOY and WALLACE, Circuit Judges.

PER CURIAM:

Williams and Matza appeal their convictions after jury trial for violation of 21 U.S.C. § 841(a)(1). We affirm.

None of the points raised by appellants on this appeal have merit. But we deem deserving of comment Williams' contention that the district court erred in refusing to give the jury three requested instructions on entrapment. The instructions say in part that unless the government agent who importuned Williams to sell him narcotics had reasonable suspicion that Williams was already engaged in such illicit selling, he should be acquitted for entrapment. Trice v. United States, 211 F.2d 513 (9th Cir.), cert. denied, 348 U.S. 900, 75 S.Ct. 222, 99 L.Ed. 707 (1954), is cited in support of this contention.

Trice, however, cannot be interpreted as holding that such an instruction is necessary. In Trice the issue was whether the situation there involved entrapment as a matter of law—an issue the court decided adversely to the defendant. While the court quoted from the district court's instructions, which seemed to incorporate a reasonable suspicion requirement, the instructions were not challenged on appeal. In any case, the court nowhere approved the quoted instructions. Rather it held that the critical inquiry was whether the defendant was predisposed to commit the crime and pointed approvingly to certain "excuses" set out in United States v. Becker, 62 F.2d 1007, 1008 (2d Cir. 1933), as convincing evidence of predisposition. Among those were a defendant's "willingness" to commit an offense "as evinced by his ready complaisance" in the criminal scheme suggested by the government agent. Trice v. United States, supra at 518, quoting from United States v. Becker, supra at 1008. Moreover, in Trice the court found further evidence of predisposition in Trice's easy yielding to a second offer to buy drugs which occurred within two weeks of the first transaction. Both types of evidence could not have been known before the agent approached the suspect and thus could not have been a basis for a reasonable suspicion.

Therefore, it is evident that Trice did not require proof of reasonable suspicion to defeat the defense of entrapment. The law of this circuit is otherwise. As Silva v. United States, 212 F.2d 422 (9th Cir. 1954)—a case which rejected a reasonable suspicion requirement shortly after Trice—holds, it is the predisposition of the defendant, whether known to the agents or not, which is central in determining the entrapment issue. Cf. United States v. Griffin, 434 F.2d 978, 981–82 (9th Cir. 1970), cert. denied, 402 U.S. 995, 91 S.Ct. 2170, 29 L.Ed.2d 160 (1971).*

* See also United States v. Russell, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973) in which the Court emphasized that the entrapment rule was designed to protect those innocent people cajoled into committing crimes, not as a tool to check overzealous police conduct. The reasonable suspicion requirement would not add to the protection already afforded the innocent by requiring proof of a defendant's predisposition. It is, rather, intended to control police conduct.