SCHEB, Judge.
The trial judge dismissed a three-count information charging the defendant/appellee with possession of mari *627 juana, sale of marijuana, and possession of psilocybin, a hallucinogenic compound. The state appeals. We hold the trial judge was correct in dismissing the information as to the sale charge but erred in dismissing the possession charges.
Pursuant to Rule 3.190(c)(4) RCrP, the defendant moved to dismiss the information on the ground that the defendant was entrapped, as a matter of law, into committing the crimes alleged. In this motion, as amended, the defendant contended that when he was at the Outrigger Bar in an intoxicated condition, he went to the restroom where:
“ . . .he discovered two (2) men who were not known at that time, smoking what he believed to be a marijuana cigarette. That a portion of that cigarette was offered to the Defendant and that at this time a fourth (4th) male, known to the Defendant, as ANDREW ALTMAN, who later became a Co-Defendant, entered the rest room and was invited to join in the smoking of the marijuana cigarette. That upon leaving the rest room, one of the unknown men asked the Defendant if he knew where he could buy some marijuana and the Defendant said that he had some. However, the Defendant made no further statement and returned to his activity which was attempting to persuade a young lady in the bar to accompany him home for the evening. The unknown male who made this request later was identified as AGENT COBALS. The Defendant then returned to the Bar and directed his efforts at attempting to persuade the young lady to accompany him. For approximately the following sixty (60) minutes, AGENT COBALS made repeated trips to the Bar where he attempted to get the Defendant to leave and to sell him marijuana. That after approximately sixty (60) minutes of constant pressuring, thé Defendant finally consented to ‘let AGENT COBALS have two (2) ounces of marijuana which he did not want. That the Defendant and MR. ALTMAN left with AGENT COB-ALS and MR. SIMCOE and went to MR. ALTMAN’S house where AGENT COBALS hand-rolled a marijuana cigarette and smoked the same with MR. SIMCOE, MR. ALTMAN, and the Defendant. Following this episode, the Defendant sold two (2) baggies of marijuana for twenty-eight ($28.00) Dollars.’ ”
The state traversed the defendant’s motion and while not disputing the initial encounter alleged to have taken place in the rest room, it specifically denied that Agent Cobals made repeated trips to the bar pressuring the defendant to sell marijuana, or that Agent Cobals and Mr. Simcoe “smoked” a marijuana cigarette. Specifically, the state alleged the defendant said to Cobals before leaving the rest room, “I have a few (baggies) I’d like to get rid of,” and further alleged that at the defendant’s request, Cobals rolled a marijuana cigarette and “we simulated smoking
On March 14, 1975, a few days prior to the scheduled trial, the court granted the defendant’s motion to strike Agent Cobals as a state’s witness after the prosecution acknowledged it could not locate him for trial. Thereafter on March 18, 1975, the court granted the defendant’s motion to dismiss the information stating:
“. . . the facts show, and it has not been traversed by the State, that he was intoxicated, that Cobals was smoking marijuana .... I feel that the State was engaged in an illegal act „ which entrapped him and the seed of the illegal act came from the State’s action and not from the actions of the Defendant.
* * * * * *
. . . The State’s agent was smoking or simulating smoking, I don’t care which. At any rate, the Defendant thought he was smoking. And the agent, as an agent of the State, the State could or should be able to produce him. Sec *628 ondly, it was the agent, the State’s agent that asked that an illegal act be committed.”
The state could not supply Cob-als’ address so he could be subpoenaed for discovery purposes. More importantly, the state acknowledged to the court that it had no expectation of being able to produce Cobals for trial. This was a sufficient basis for the trial judge to strike his name as a witness and obviated the need for further inquiry. See Bradford v. State, Fla. 1973, 278 So.2d 624. Likewise, the state could not produce the “other man” who allegedly accompanied Cobals to the rest room on their encounter with the defendant, as the trial judge determined by interrogating Mr. Simcoe, another police detective who participated with Agent Cobals in the case. Finally, it became apparent to the trial judge that there was no available testimony to rebut the defendant’s sworn affidavit of entrapment on the charge of the sale of marijuana which showed he was lured by an officer of the law to commit a crime he did not otherwise intend to commit. Thus, it is patent from the record the state lacked the ability to produce evidence necessary to convict the defendant on charge of sale. Therefore, it was not error for the court to dismiss the information as to charge of sale. See Roundtree v. State, Fla.App.4th 1972, 271 So.2d 160.
The defendant’s affidavit concerning entrapment, however, related only to the charge of sale, and not to the charges of possession of marijuana or psilocybin. There is no evidence in the record before us from which we can conclude as a matter of law that the state lured the defendant into possession of either the marijuana or psilocybin that he was charged with possessing. The following quotation from this court’s opinion in Koptyra v. State, Fla.App.2d 1965, 172 So.2d 628, is relevant to this point:
In determining whether or not there is evidence tending to prove entrapment, the distinction to be observed on the facts in this case is whether there was evidence tending to show that the inspector enticed the defendant to possess the marijuana in question when the defendant would not .have possessed without such enticement, thus showing the requisite elements, or whether the defendant, while engaged in the unlawful enterprise of possession of marijuana, was merely enticed to possess it in the presence of the inspector so that his possession could be proven by direct evidence.
A viable issue of fact on the possession charges remains and the state should not be precluded from pursuing these charges.
Accordingly, we affirm the trial court’s judgment dismissing the information on the sale charge, but we reinstate the information on the two possession charges.
McNULTY, C. J., and GRIMES, J., concur.