355 So.2d 1213 (1978)
Billy STORY, Appellant,
v.
STATE of Florida, Appellee.
Nos. 76-991 and 77-559.
District Court of Appeal of Florida, Fourth District.
January 10, 1978.
*1214 Richard L. Jorandby, Public Defender, Frank B. Kessler, Asst. Public Defender, and James K. Green, Legal Intern, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Paul H. Zacks, Asst. Atty. Gen., West Palm Beach, for appellee.
LETTS, Judge.
Appellant was convicted for one count of sale and delivery of heroin and a second count of possession. We affirm in part and reverse in part.
Under the law of Roundtree v. State, 271 So.2d 160 (Fla. 4 DCA 1972), it might appear that the conduct of the police officers in this case constituted entrapment. Therefore, at this time, we recede from our prior opinion in Roundtree.
In the instant case, two undercover agents went to the door of appellant's apartment and one officer testified, in the following manner, as to what transpired:
Q. Can you tell me who said what?
A. Okay. When we walked up there, "Hi, how you doing?" He exchanged greetings with us and asked us what did we want. We said we were there to buy some heroin.
Apparently, the defendant did not have any heroin on his person (or, at least, there is not the slightest evidence that he did) and he arranged to meet them later.
The later tryst took place in a parking lot where the defendant undertook to sell "four papers" of heroin to the agents and said, "Wait here, I'll be back in about two minutes."[1] Apparently, the officers attempted to follow the defendant, but inexplicably lost his trail within a block, whereupon they returned to the parking lot. Simultaneously, the defendant also reappeared and the sale was consummated and the "baggie" delivered.
The general rule as to the defense of entrapment is set forth in Lashley v. State, 67 So.2d 648, 649 (Fla. 1953), quoting from 22 C.J.S. Criminal Law § 45:
"One who is instigated, induced, or lured by an officer of the law or other person, for the purpose of prosecution, into the commission of a crime which he had otherwise no intention of committing may avail himself of the defense of `entrapment'. Such defense is not available, however, where the officer or other person acted in good faith for the purpose of discovering or detecting a crime and merely furnished the opportunity for the commission thereof by one who had the requisite criminal intent." (Emphasis supplied by the Supreme Court in Lashley). See also, Dupuy v. State, 141 So.2d 825, 826 (Fla. 3 DCA 1962).
The essence of appellant's argument is that the police officers did more than merely furnish appellant with the opportunity to commit the offense. It is argued that appellant did not possess "the requisite criminal intent" because there was no evidence that the crime originated in the mind of appellant, and that, in fact, the origin of intent appeared to be with the law enforcement officers. In support of this argument, it can certainly be said that there was no evidence that appellant had previously been engaged in the sale of drugs and therefore, there was no express evidence of appellant's predisposition to commit the offense.
Further support for appellant's argument is clearly derived from Roundtree, supra. The facts of this case and Roundtree are virtually indistinguishable, and in Roundtree, this court held that the defense of entrapment should have prevailed. In Roundtree, the police officer had even testified that a few months prior to the consummated drug sale, the appellant had offered to sell the officer some marijuana (at that time the officer was not employed in any law enforcement capacity). This court held that such a prior intention to make a sale was too remote in time to establish that the *1215 intent to commit the subsequently consummated sale originated in appellant's mind.
The greater weight of the case law establishes first, that the conduct of the officers in Roundtree and the instant case should be viewed as merely furnishing appellant the opportunity to commit the offense, and second, the defendant's "original" intent or predisposition to commit the offense can be inferred from the defendant's ready compliance with the police officers, or from his willingness to participate.
Once the evidence is introduced which suggests the possibility of entrapment, the State must prove that the defendant was predisposed to commit the offense charged. This will typically be done through the introduction of evidence of the defendant's prior convictions or of the defendant's reputation for engaging in certain illicit activities. See, e.g., Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958); State v. Nelsen, 228 N.W.2d 143 (S.D. 1975); United States v. Cooper, 321 F.2d 456 (6th Cir.1963); Marion v. State, 287 So.2d 419, 422 (Fla. 4 DCA 1974) (dicta).
Similarly, evidence of the predisposition of the defendant to commit the offense can be established by evidence of the officer's "reasonable suspicion" that the defendant was engaged in illegal activities. Cf. State v. Burrow, 514 S.W.2d 585 (Mo. 1974). This will frequently be established through the tip of a reliable informant. See, e.g., Brosi v. State, 263 So.2d 849 (Fla. 3 DCA 1972).
However, proof of prior criminal activities, a reputation for such activities or reasonable suspicion of a defendant's involvement in such activities, is not essential to proof of the defendant's predisposition to commit the offense. Numerous cases have held or suggested that the predisposition of the defendant to commit a crime can be inferred from the defendant's readiness or willingness to commit it. State v. Gurule, 194 Neb. 618, 234 N.W.2d 603 (1975); Eisenhardt v. U.S., 406 F.2d 449 (5th Cir.1969). This willingness to commit the offense can be evinced from the defendant's ready acquiescence in the criminal scheme suggested by the law enforcement officer. United States v. Williams, 487 F.2d 210 (9th Cir.1973); Trice v. United States, 211 F.2d 513 (9th Cir.), cert. denied, 348 U.S. 900, 75 S.Ct. 222, 99 L.Ed. 707 (1954). In accordance with these principles, the Connecticut Supreme Court stated:
"Since the issue of entrapment raises questions as to the defendant's state of mind, evidence may be adduced by either side tending to show that state of mind. [Citations omitted]. Thus, the state may introduce evidence as to an existing cause of similar criminal conduct on the part of the defendant, his already formed design to commit crimes of the general nature of that which he is charged, or his willingness to commit the crime as shown by his ready acquiescence in its commission." State v. Whitney, 157 Conn. 133, 249 A.2d 238, 240-241 (1968) (Emphasis supplied).
Another revealing case is Berry v. United States, 116 U.S.App.D.C. 375, 324 F.2d 407 (1963). In Berry, a police officer approached the defendant on the street and asked him if he had any narcotics for sale. The police officer was accompanied by an individual who knew the defendant. There was no evidence that the defendant had committed any prior offenses or had a reputation for engaging in similar transactions. Yet, the court concluded that:
"Berry clearly was not entrapped into carrying a supply of heroin concealed in a chewing gum package from which he dispensed 15 capsules for $22.50 and 6 capsules for $9, in `ready compliance' with what looked to him like a good opportunity to do some of the very business he was equipped and so ready to transact." At 377, 324 F.2d at 409.
We recognize that in Berry, the defendant already had the contraband on his person, but in a case somewhat similar to the one at hand, a California appellate court refused to apply the entrapment defense and provided the following rationale:
"The record is clear from a reading thereof that appellant was not entrapped. The trial judge who saw and heard the *1216 witnesses testify by implication found that there was no entrapment. There was no undue persuasion, coercion or unusual enticement by the officers in this case. The appellant readily and without reluctance accepted the proposals for the respective sales." People v. Ferguson, 261 Cal. App.2d 807, 68 Cal. Rptr. 431 (1968).
Likewise, in the instant case, the officers did not pressure appellant into participating in the transaction. Compare Kwasniewski v. State, 303 So.2d 373 (Fla. 1 DCA 1974) (undercover officer continually kept nagging the defendant to get him some marijuana); Stiglitz v. State, 270 So.2d 410 (Fla. 4 DCA 1972) (officer kept "bugging" the defendant until the defendant agreed to participate in the sale).
This lengthy discourse of non-Florida cases was necessitated by the absence of any Florida case law indicating whether proof of a defendant's ready compliance with the offense proposed by an officer is sufficient to prove the defendant's predisposition to commit the offense. The problem is compounded by the fact that some other courts have not answered this question in the affirmative. Thus, in United States v. Certain Quantities of Intoxicating Liquors, 290 F. 824, 826 (D.N.H. 1923), the court indicated that the police must have a reasonable suspicion that a party is about to engage in the commission of the crime, or the original suggestion of crime must have come from the perpetrator.
In other jurisdictions, the predisposition of the defendant has been rendered irrelevant by the adoption of an "objective test" of entrapment which focuses solely on the nature and quality of the officer's acts. People v. Asher, 67 Mich. App. 174, 240 N.W.2d 749 (1976).
However, the greater weight of authority, and the position that we adopt, is to the effect that the defendant's predisposition to commit the offense can be inferred from evidence that the defendant readily acquiesced in the commission of the proposed offense. Such evidence existed in the instant case. One officer testified as follows:
Q. What was the conversation between yourself and the defendant?
A. Billy Story came up to the car and leaned in the passenger side, the windows being down. He asked `what do you want?' I advised him, as did Agent Riley, that we were interested in some heroin.
Q. What was his reply?
A. He said, `Fine. Wait here, I'll be back in about two minutes.'
This was during their second meeting. Such testimony clearly creates the inference of appellant's willingness to participate in the offense. Therefore, it can be said that appellant was predisposed to commit the offense and the police merely furnished appellant with the opportunity to do so. Under those circumstances, the defense of entrapment must fail.
Appellant was found guilty of both possession and sale of heroin. Since both charges stem from the same transaction, appellant cannot be sentenced for both offenses. Appellant should only be sentenced for the highest offense charged. Weeks v. State, 253 So.2d 459 (Fla. 3 DCA 1971). The sale or delivery charge carries a maximum 15 year sentence, as it is a second degree felony. Appellant received a sentence, of 7 1/2 years in prison and 9 1/2 years on probation. This sentence was excessive by two years. Holmes v. State, 343 So.2d 632 (Fla. 4 DCA 1977). Therefore, we reduce the probationary period by two years.
Accordingly, the judgment of the trial court is AFFIRMED, and the sentence is AFFIRMED as modified.
DOWNEY and ANSTEAD, JJ., concur.
NOTES
[1] This quote is the officer's version of what was said.