417 So.2d 263 (1982)
STATE of Florida, Appellant,
v.
Donald CASPER, Appellee.
No. AG-45.
District Court of Appeal of Florida, First District.
April 21, 1982.
*264 Jim Smith, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., for appellant.
Louis O. Frost, Jr., Public Defender, and James T. Miller, Asst. Public Defender, Jacksonville, for appellee.

ON PETITION FOR REHEARING
PER CURIAM.
Urging that this Court, 418 So.2d 1280, erred in affirming, without opinion, the trial court's order granting the defendant's motion to dismiss on the ground of entrapment, the State petitions for rehearing and clarification. Although we do not recede from our earlier affirmance, we find it appropriate to explicate our reasons for sustaining the trial court's order.
The essential facts to this appeal were established by a Florida Rule of Criminal Procedure 3.190(c)(4) motion: On April 28, 1981, the Jacksonville Sheriff's Office deployed a decoy in the unit block of the West Duval Street in order to apprehend potential robbers and thieves. The decoy was dressed in old clothes and doused himself with alcohol in order to appear to be under the influence of alcoholic beverages. He was in a semi-prone position on the sidewalk with several bills amounting to $150 protruding from his rear pant's pocket. The bills were clearly visible to passersby and were stapled together. If someone approached the decoy and talked to him, he was to pretend that he was unconscious and could not respond. Several robberies and purse snatchings had occurred in the general area of the site of the decoy. However, no robberies or thefts had occurred at this specific site to the best knowledge of the Sheriff's office. None of the unsolved robberies or thefts involved the same type of victim or modus operandi of this case. The Sheriff's office had no suspects or identifications of possible suspects for the thefts and robberies and did not employ the decoy to catch any particular individual. On April 28, the defendant walked along Duval Street and observed the decoy lying on the side of the street. The defendant walked by and then returned to the decoy, reaching down and removing the protruding money. He then walked on down the street, where the police arrested him. The police had not observed the defendant in the area prior to his arrest. They had no knowledge that he had previously engaged in similar theft-related crimes prior to this arrest.
To dispose of some preliminary matters, we reject the State's argument that the motion was improperly granted because the State had filed a traverse and demurrer to the defendant's motion and had asserted that there were material facts in dispute. This argument is expressly contradicted by the record. The State only demurred to the above statement of facts and did not traverse it. Further, such an argument was never made in the State's brief, and it is not appropriate to raise new matters on petition for rehearing. See O'Steen v. State, 92 Fla. 1062, 111 So. 725 (1926); Leslie Bros., Inc. v. Roope, 108 Fla. 289, 148 So. 212 (1933), adhered to 112 Fla. 734, 150 So. 804.
The precise issue presented by this appeal is whether the evidence in a light most favorable to the State demonstrates that, at a time when the defendant had no intention to steal the decoy's money, the police, acting through the decoy, induced the defendant to commit grand larceny. We note that entrapment is normally a question for the jury unless the evidence is so clear and convincing that the trial judge can pass on the issue as a matter of law. State v. Rouse, 239 So.2d 79 (Fla. 4th DCA 1970). A high degree of government participation in the crime scenario is not necessarily impermissible. United States v. Russell, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973); State v. Dickinson, 370 So.2d 762 (Fla. 1979). Moreover, the police are not precluded from acting in good faith for the purpose of detecting a crime and merely furnishing an opportunity for the commission of the crime by one who had the required criminal intent. Lashley v. State, 67 So.2d 648 (Fla. 1953).
It is well settled that decoys may be used to entrap criminals, and to present opportunity to one intending or willing to commit *265 crime. But decoys are not permissible to ensnare the innocent and law-abiding into the commission of crime. When the criminal design originates, not with the accused, but is conceived in the mind of the government officers, and the accused is by persuasion, deceitful representation, or inducement lured into the commission of a criminal act, the government is estopped by sound public policy from prosecution therefor.
Newman v. United States, 299 F. 128, 131 (4th Cir.1924); accord State v. Rouse, supra.
Under the most current formulations of the United States Supreme Court, the entrapment defense "focuses on the intent or predisposition of the defendant to commit a crime." State v. Brider, 386 So.2d 818, 820 (Fla.2d DCA 1980); accord, United States v. Russell, supra; Hampton v. United States, 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976). Accordingly, where the defense of entrapment is raised, the State must show predisposition by the defendant to commit the crime. See Dupuy v. State, 141 So.2d 825 (Fla. 3rd DCA 1962). Moreover, the State must make a showing amounting to more than mere surmise and speculation that the intent to commit the crime originated in the mind of the accused and not the police. Id.
The State may demonstrate predisposition by proof of the defendant's prior criminal activities, his reputation for such activities, reasonable suspicion of his involvement in such activity, or his ready acquiescence in the commission of the crime. Story v. State, 355 So.2d 1213 (Fla. 4th DCA 1978). Moreover, evidence of prior unlawful acts, similar to the one with which the defendant is charged, is ordinarily admissible to rebut a defense of entrapment. See, e.g., Drayton v. State, 292 So.2d 395 (Fla. 3rd DCA 1974), cert. denied 300 So.2d 900 (Fla. 1974); Marion v. State, 287 So.2d 419 (Fla. 4th DCA 1974), cert. denied, 294 So.2d 91 (Fla. 1974). Upon this record, we are unable to find any evidence which would tend to show predisposition so as to defeat a motion to dismiss under Rule 3.190(c)(4), and the State did not traverse the facts as stated in defendant's motion. There is no evidence of any prior conduct of the defendant that would have shown predisposition. There is no evidence that he was engaging in criminal activity before he took the money from the decoy. See Dupuy, supra. No ready acquiescence is shown; on the contrary, the defendant's acts, as stated in the motion, demonstrate only that he succumbed to temptation. The record, as such, reveals that the decoy did not detect or discover, nor could he reasonably be intended to discover, the type of crime the police were attempting to prevent by the use of the decoy, i.e., robberies and purse snatchings. Indeed, lifting some money protruding from the pocket of a seemingly unconscious, drunken bum is just not sufficiently similar to either robbery or purse snatchings. Upon these facts, the decoy simply provided the opportunity to commit a crime to anyone who succumbed to the lure of the bait. Accordingly, we uphold the trial court's ruling that, as a matter of law, the defendant was entrapped. In doing so, we do not wish to proscribe any use of the police decoy procedure. We hold only that, where the defense of entrapment is raised, the State must demonstrate [or, as in this case, allege] facts tending to show a predisposition on the accused's part to commit the crime. Absent such a showing or allegation, as the case may be, we will have no alternative but to conclude that the accused's entrapment defense has merit and prevents the conviction for the offense.
Citing State v. J.T.S., 373 So.2d 418 (Fla. 2d DCA 1979), the State argues that the issue of predisposition is not a proper ground upon which to grant a motion to dismiss. For one, we again note with displeasure that this particular argument was never presented in the State's brief. Second, while entrapment is normally a question for the jury, the trial judge may pass on the issue as a matter of law where the evidence is clear and convincing. See State v. Rouse, supra. Here, under no reasonable construction of the facts of record *266 could the State establish a prima facie case for predisposition. Therefore, we conclude that the holding of State v. J.T.S., supra, is inapplicable here.
Petition for rehearing denied.
McCORD, ERVIN and SHAW, JJ., concur.