426 So.2d 1044 (1983)
STATE of Florida, Appellant,
v.
Demetrios SOKOS, Appellee.
No. 82-153.
District Court of Appeal of Florida, Second District.
January 19, 1983.
Rehearing Denied March 2, 1983.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellant.
Charles H. Livingston of Livingston, Patterson & Strickland, Sarasota, for appellee.
SPICOLA, GUY W., Associate Judge.
The state appeals an order granting the defendant's motion to dismiss pursuant to Fla.R.Crim.P. 3.190(c)(4) on the ground that there was entrapment as a matter of law. We reverse.
The defendant is a co-owner and operator of Demetrios' Pizzeria near Sarasota. He and his place of business were selected at random as a target in an "Honest John" or "Reverse Sting" operation being conducted by law enforcement officials who approached fifty-eight individuals at thirty-eight businesses  five of the thirty-eight being at random and the rest being approached as a result of prior criminal intelligence.
It is undisputed that the officers had no reason to believe that the defendant or his place of business were involved in any criminal activity. The officers did know that sales of stolen property had been made at the Grapevine Restaurant, next door to Demetrios' Pizzeria, and that the defendant associated with the operators of the Grapevine Restaurant.
An undercover agent went to Demetrios' Pizzeria and offered to sell thirty cartons of untaxed cigarettes to the defendant. The defendant bought the cigarettes and was charged in a two-count information with trafficking in stolen property and possession of untaxed cigarettes. The defendant filed a (c)(4) motion to dismiss and a supplemental motion to dismiss. The state filed a traverse and a supplemental traverse. The essence of the two traverses was that the undercover agents merely offered the defendant an opportunity to purchase stolen property, which he did without any meaningful degree of reluctance or hesitation. The state argued that the readiness with *1045 which the defendant purchased the contraband could show his predisposition, and that a jury could conclude that the defendant intended to distribute some of the cigarettes because thirty cartons of cigarettes is more than even a very heavy smoker could consume himself before the cigarettes would spoil and turn wormy.
The trial judge granted the motion to dismiss, and this appeal followed.
The issue before us is whether the trial judge erred in granting the defendant's motion to dismiss on the basis that there was entrapment as a matter of law.
The law relating to entrapment is set forth in the case of State v. Casper, 417 So.2d 263 (Fla. 1st DCA 1982).[1] The entrapment defense "focuses on the intent or predisposition of the defendant to commit a crime." (emphasis supplied). State v. Brider, 386 So.2d 818, 820 (Fla. 2d DCA 1980). Accordingly, where the defense of entrapment is raised, the state must show predisposition by the defendant to commit the crime. This the state may do by establishing:
1. Prior criminal activity by the defendant; or
2. Reasonable suspicion of his involvement in such activity; or
3. His ready acquiescence in the commission of the crime.
Story v. State, 355 So.2d 1213 (Fla. 4th DCA 1978).
We find that under the circumstances a jury question is presented in this case as to the defendant's ready acquiescence and his intent to distribute.
Ordinarily, entrapment is a jury question. State v. Liptak, 277 So.2d 19 (Fla. 1973). Though Florida courts have recognized that entrapment can exist as a matter of law, Smith v. State, 320 So.2d 420 (Fla. 2d DCA 1975), Spencer v. State, 263 So.2d 282 (Fla. 1st DCA 1972), intent or state of mind (i.e. predisposition) is not an issue to be decided on a motion to dismiss under Rule 3.190(c)(4). State v. Evans, 394 So.2d 1068 (Fla. 4th DCA 1981); State v. Rogers, 386 So.2d 278 (Fla. 2d DCA 1980), Cummings v. State, 378 So.2d 879 (Fla. 1st DCA 1979); State v. J.T.S. and G.R.W., 373 So.2d 418 (Fla. 2d DCA 1979); State v. West, 262 So.2d 457 (Fla. 4th DCA 1972).
Finally, we do not have to wrestle with the remaining issue raised by the defendant because there is nothing in this record to indicate that the transaction in question was tainted by any governmental misconduct, much less outrageous conduct.
We reverse the order dismissing the information and remand for further proceedings.
OTT, C.J., and SCHEB, J., concur.
NOTES
[1] While we think Casper correctly states the applicable principles, we do not necessarily agree that the facts as stated in Casper would constitute entrapment as a matter of law.