LEHAN, Judge.
The state appeals an order which granted defendant’s motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4) on the ground that defendant was entrapped as a matter of law. We reverse.
Defendant, a licensed fruit dealer, came into contact with officers of the Polk County Sheriff’s Department during an undercover “sting-type” operation. The scenario, according to the officer in charge, “would be to obtain fruit, represent that fruit as stolen property, utilizing undercover agents who could visit the different licensed fruit dealers around the country without proper documentation of the fruit, and to attempt to sell the fruit as stolen property to these dealers.”
As a result of this operation, defendant was charged with trafficking in stolen fruit after defendant allegedly effectuated a sale of “stolen” fruit by two undercover officers to a Polk County fruit company. The trial court granted defendant’s motion to dismiss, adjudging that the conduct of the officers constituted entrapment as a matter of law.
The defense of entrapment “focuses upon the intent or predisposition of the defendant to commit a crime.... ” State v. Brider, 386 So.2d 818, 820 (Fla. 2d DCA 1980).
[W]here the defense of entrapment is raised, the state must show predisposition by the defendant to commit the crime. This the state may do by establishing:
1. Prior criminal activity by the defendant; or
2. Reasonable suspicion of his involvement in such activity; or
3. His ready acquiescence in the commission of the crime.
State v. Sokos, 426 So.2d 1044 (Fla. 2d DCA 1983). See Story v. State, 355 So.2d 1213 (Fla. 4th DCA 1978).
*190 Under circumstances of the type involved here, a jury question was presented not only as to defendant’s ready acquiescence in the commission of a crime, but also as to his alleged prior criminal activity. Thus, the trial court should not have found entrapment as a matter of law. See State v. Cruz, 426 So.2d 1308 (Fla. 2d DCA 1983); State v. Sokos, supra.
Accordingly, we REVERSE and REMAND for further proceedings consistent herewith.
SCHEB, A.C.J., and SCHOONOVER, J., concur.