BOARDMAN, Judge.
Victor Goldstein appeals his judgment and sentence for second degree grand theft, contending that the trial court erred in denying his motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). We affirm the conviction but remand for correction of sentence.
In his motion, which the state did not traverse, appellant asserted that the following facts constituted entrapment as a matter of law:
1. On the date listed in the information, appellant was in the vicinity of the Greyhound Bus Station on the corner of Morgan and Polk Streets.
2. Tampa Police Det. Hogue, dressed as a wino with money hanging out of his pocket, was in the same vicinity.
3. Det. Hogue did not have any suspect in mind as a possible pickpocket.
4. Appellant was not a suspect as a pickpocket.
*353 5. Appellant is alleged to have taken the money from Hogue’s pocket.
We reject appellant’s argument that these facts showed entrapment as a matter of law. State v. Sokos, 426 So.2d 1044 (Fla.2d DCA 1983); State v. Cruz, 426 So.2d 1308 (Fla.2d DCA 1983); State v. Issac, 436 So.2d 189 (Fla.2d DCA 1983). We acknowledge that our holding here is in direct conflict with State v. Casper, 417 So.2d 263 (Fla. 1st DCA 1982).
We remand, however, for correction of appellant’s sentence. The sentence provides that appellant is to be given credit for time served in jail prior to sentencing, but does not specifically set forth the period of credit time to be allowed as required by Section 921.161(1), Florida Statutes (1981). Smith v. State, 310 So.2d 770 (Fla.2d DCA 1975); Grine v. State, 301 So.2d 122 (Fla.2d DCA 1974).
Accordingly, we affirm the judgment but remand for correction of appellant’s sentence.
HOBSON, A.C.J., and SCHEB, J., concur.