OTT, Chief Judge.
Raymond Lee Smith pled nolo contendere to grand theft in the second degree, specifically reserving his right to appeal the trial court’s denial of his motion to dismiss based on entrapment. He also claims error in the imposition of certain conditions of probation.
According to the motion to dismiss, the Tampa Police Department deployed a decoy at Kennedy Boulevard and Bernard Avenue in Tampa on January 13, 1982. The police decoy was dressed in old clothes and acted sick or drunk. He had $150 protruding from a pocket. Defendant was not a suspect or a target of the decoy. However, at 9:20 p.m., he approached, the decoy and removed the money from the decoy’s pocket. Defendant was immediately arrested.
The trial court correctly denied defendant’s motion for dismissal on the ground that the use of a police decoy in the manner described above is entrapment as a matter of law. See State v. Cruz, 426 So.2d 1308 (Fla. 2d DCA 1983), petition for review granted, No. 63,451 (Fla.1983); State v. Goldstein, 435 So.2d 352 (Fla. 2d DCA 1983). But see State v. Casper, 417 So.2d 263 (Fla. 1st DCA 1982); State v. Holliday, 431 So.2d 309 (Fla. 1st DCA 1983), petition for review granted, No. 63,832 (Fla.1983).
Conditions of probation 10 and 17 relate to payment of attorney’s fees and court costs. In Anderson v. State, 415 So.2d 49 (Fla. 2d DCA 1982), this court concluded that such costs can properly be recovered from an insolvent defendant. However, the record does not indicate that the court entered its order with the notice and hearing required by section 27.56(7), Florida Statutes (1981). Accordingly, the order assessing attorney’s fees and costs is hereby VACATED and the case is REMANDED for a hearing consistent with these matters. See Drumm v. State, 432 So.2d 765 (Fla. 2d DCA 1983); Benton v. State, 440 So.2d 493 (Fla. 2d DCA 1983).
We find no error in imposition of the remaining conditions of probation.
AFFIRMED as modified.
SCHEB and DANAHY, JJ., concur.