RYDER, Judge.
In Teague, we have before us almost a carbon copy of State v. Cruz, 426 So.2d 1308 (Fla. 2d DCA 1983) and Goldstein v. State, 435 So.2d 352 (Fla. 2d DCA 1983). The scenario is the same: a police officer-decoy pretending to be a wino or some other downtrodden, ill person was on the streets of Tampa with money protruding from his pocket. Teague removed the money and was immediately arrested by detectives posted nearby. He was charged with grand theft in the second degree in violation of section 812.014(2)(b), Florida Statutes (1981).
After the trial judge denied his motion to dismiss filed pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), Teague entered a nolo contendere but reserved the right to appeal the denial of his motion to dismiss. The court below accepted the plea, withheld adjudication of guilt, and placed Teague on probation for a period of three years.
Upon review of the record, we find no reversible error and affirm the trial court’s order relating to the motion to dismiss and probation, see Goldstein and Cruz; contra, State v. Casper, 417 So.2d 263 (Fla. 1st DCA 1982), but have concern in regard to other orders entered herein by the court below.
Upon responding to the charging document, Teague was found by the trial judge to be insolvent and the public defender was appointed counsel.
Subsequent to the nolo plea and the placing of Teague on probation, the trial court orally assessed court costs against Teague in the amount of $100.00. However, in a written probation order, the trial judge ordered, inter alia, Teague to pay the public defender’s fee and “make $100.00 court costs.” In a final judgment assessing attorney’s fees and costs, Teague was ordered to pay $250.00 for attorney’s fees and $50.00 costs.
Attorney’s fees and costs can properly be recovered from an insolvent defendant. Anderson v. State, 415 So.2d 49 (Fla. 2d DCA 1982). The record before us is silent as to whether notice and a hearing required by section 27.56(7), Florida Statutes (1981), were afforded Teague. Accordingly, the assessments were not appropriate and are hereby stricken. Jenkins v. State, 444 So.2d 947 (Fla.1984). Gaylord v. State, 413 So.2d 72 (Fla. 2d DCA 1982). Our decision is without prejudice to the state to tax these costs in accordance with the procedure outlined in Jenkins.
In all other respects, the judgment and sentence are AFFIRMED.
SCHEB, A.C.J., and CAMPBELL, J., concur.