FRANK, Judge.
The appeal in this matter is an outgrowth of a “drunken bum decoy operation.” Cruz v. State, 465 So.2d 516, 522 (Fla.1985). The appellant, Earl J. Jones, was charged, tried, convicted and sentenced for the crime of grand theft. He seeks to overturn his conviction and sentence claiming that the evidence disclosed he was entrapped and that the trial court erred in refusing to instruct the jury with respect to the defense of entrapment. We find merit in each of Jones’ grounds and reverse the trial court.
The Tampa Police Department placed three officers in the parking lot of a dog track because of the large number of robberies that had occurred in the area. One of the officers, the “drunken bum,” or decoy, loitered in the lot with $150.00 in open view. Jones approached the decoy and removed the exposed money from his pocket. Jones and the two men with him were immediately arrested. Prior to the foregoing events, the police had not received any information indicating Jones’ involvement in criminal activity notwithstanding reports of strong armed robberies in the parking lot.
The state urges that we view the instant record in a manner bringing this matter within the two-pronged test announced in Cruz: unlawful entrapment does not occur as a matter of law in the circumstance where the object of the police activity is to interrupt specific ongoing criminal activity and the means to achieve that end are reasonably tailored to apprehend the persons involved in such activity. We reject the state’s position knowing full well that “Society is at war with the criminal classes,” Sorrells v. United States, 287 U.S. 435, 453-54, 53 S.Ct. 210, 217, 77 L.Ed. 413 (1932), but the “[pjolice must fight this war, not engage in the manufacture of new hostilities.” 465 So.2d at 522.
A comparison of the facts at hand with those underlying the decision in Cruz emphasizes the correctness in reversing the trial court’s apparent determination that entrapment had not occurred. In Cruz, based upon essentially the same factual setting as is present in this proceeding, the record did not disclose the specific activity that had been targeted by the police, with the result that the state failed to satisfy the first or objective prong. Here, however, the record leaves no doubt that the state’s conduct was motivated by a purpose to intercept persons given to violence who would commit strong armed robberies, not to capture persons who would non-violently steal from or “roll” a “drunken bum.” Here, no less than was found to be the case in State v. Casper, 417 So.2d 263, 265 (Fla. 1st DCA 1982), the absence of a prior criminal history and criminal activity by Jones before taking the decoy’s money sustains the conclusion that Jones merely “succumbed to temptation.” Indeed, the decoy simply provided the opportunity for anyone to commit a crime who might be tempted by the bait to commit a crime. The means employed by the police were not even remotely pertinent to the apprehension of strong armed robbers. In sum, it is our judgment that neither element prescribed in Cruz was satisfied.
Finally, the trial court was in error in not granting the instruction sought by Jones. The question of entrapment is for determination by the jury pursuant to an appropriate instruction unless the evidence is so clear and convincing that it can be resolved by the trial court as a matter of law. See Marrero v. State, Case No. 84-1138 (Fla. 3d DCA Oct. 8, 1985) [10 F.L.W. 2317, 2318]; State v. Rouse, 239 So.2d 79 (Fla. 4th DCA 1970). Here, the trial court should have granted Jones’ motion for judgment of acquittal, but, having denied that motion, it was certainly error not to instruct the jury as to entrapment.
Accordingly, we reverse the trial court and remand this matter with an instruction that Jones’ conviction and sentence be vacated and that he be discharged from confinement.
DANAHY, A.C.J., and SCHOONOVER, J., concur.