DELL, Judge.
Gerry Myers appeals from a judgment and sentence for trafficking in cocaine. He raises eight points on appeal. However, we need only address his claim that the trial court erred when it denied his motion to dismiss the information because the state entrapped him as a matter of law. We agree.
Appellant alleged in his motion to dismiss:
Defendant Myers never previously has engaged in either the use or sale of any unlawful drug. Defendant Myers had no predisposition to engage in any unlawful drug transaction, nor had he ever previously considered doing so. Defendant Myers was selected for targeting in this transaction by Informant Trent. Informant Trent originated the idea for this transaction, instigated it, and then induced, lured, and pressured Defendant Myers, by repeated phone calls to him, for the purpose of prosecution, into the *518 commission of this crime which he had otherwise no intention of committing. Defendant Myers did not readily acquiesce in the commission of the proposed offense, but resisted and attempted to avoid contacts with Informant Trent for a period of two to three weeks, before ultimately giving in to Trent’s pressures. See: Story v. State, 355 So.2d 1213 (Fla. 4th DCA 1978). The police never had heard of Myers until Informant Trent brought him to their attention as a potential target, and (as testified to in their depositions which were attended by Defendant Myers) the police have no evidence whatsoever that Defendant Myers ever before engaged in any unlawful drug transaction prior to this incident.
The state, relying upon State v. Cruz, 426 So.2d 1308 (Fla. 2d DCA 1983), responded to appellant’s motion to dismiss with a motion to strike, asserting that entrapment is not a proper subject of a 3.190(c)(4) motion. The state also filed a traverse and alleged that appellant’s use of drug terminology during the course of the transaction presented sufficient evidence to show a predisposition to commit the crime. The state admitted that the police had no evidence that appellant had been involved in an unlawful drug transaction prior to this incident. The trial court, apparently relying on the Second District Court of Appeal opinion in State v. Cruz, stated: “It seems to me that this matter must be submitted to a jury for determination of the defense of entrapment.”
The Florida Supreme Court reviewed State v. Cruz in Cruz v. State, 465 So.2d 516 (Fla.1985). The court agreed with the Second District Court of Appeal that predisposition is normally a question of fact for the jury, but at the same time acknowledged with approval State v. Casper, 417 So.2d 263 (Fla. 1st DCA 1982). In Cruz, the supreme court expressed the concern it shared with the Casper court “for entrapment scenarios in which the innocent will succumb to temptation_” Cruz v. State at 519.
The supreme court discussed two tests to be applied in cases involving the defense of entrapment. The subjective test focuses on the predisposition of the defendant to commit the crime, and the objective test on police activity.
The subjective view recognizes that innocent, unpredisposed, persons will sometimes be ensnared by otherwise permissible police behavior. However, there are times when police resort to impermissible techniques. In those cases, the subjective view allows conviction of predisposed defendants. The objective view requires that all persons so ensnared be released.
The subjective test is normally a jury question. The objective test is a matter of law for the trial court to decide.
[[Image here]]
To guide the trial courts, we propound the following threshold test of an entrapment defense: Entrapment has not occurred as a matter of law where police activity (1) has as its end the interruption of a specific ongoing criminal activity; and (2) utilizes means reasonably tailored to apprehend those involved in the ongoing criminal activity.
[[Image here]]
The second prong of the threshold test addresses the problem of inappropriate techniques. Considerations in deciding whether police activity is permissible under this prong include whether a government agent “induces or encourages another person to engage in conduct constituting such offense by either: (a) making knowingly false representations designed to induce the belief that such conduct is not prohibited; or (b) employing methods of persuasion or inducement which create a substantial risk that such an offense will be committed by persons other than those who are ready to commit it.” Model Penal Code § 2.13 (1962).
Cruz v. State at 520-22 (footnotes omitted).
We hold that the police activity in the instant case, and more particularly the activity of their confidential informant, fell *519 squarely within the second prong of the objective test and constituted entrapment as a matter of law. Accordingly, we reverse the judgment and sentence rendered against appellant on the authority of Cruz v. State, 465 So.2d 516 (Fla.1985), and remand this cause to the trial court with directions to discharge appellant.
REVERSED and REMANDED.
LETTS and GLICKSTEIN, JJ., concur.