# STATE OF FLORIDA v BARBIERI
## Case No. CTC86-12470-C
County Court, Volusia County

January 29, 1987

## APPEARANCES OF COUNSEL

**Ben Fox** for plaintiff.
**Joseph T. Garlovsky** for defendant.

## OPINION OF THE COURT

NORTON JOSEPHSON, County Judge.

THIS CAUSE came on to be heard on the defendant's Motion to

Dismiss pursuant to Rule 3.190(c)(4) and 3.190(b) Florida Rules of Criminal Procedure. The defendant is charged with prostitution.

The material facts alleged by the defendant in his motion are as follows:

On June 25, 1986 the defendant approached Lucy Ward, a plain-clothes policewoman and engaged in a conversation over the price for a sexual act, but that no price was ever arrived at and that the defendant was merely insulting Miss Ward and in no way was attempting to commit an act of prostitution.

The defendant also alleges that his right to due process was violated in that the Daytona Beach Police Department through the use of an attractive decoy dressed in provocative clothing, entrapped the defendant into committing the crime of prostitution.

Miss Ward, the decoy admits that she was dressed with a t-shirt with no bra with cut-off shorts.

The offense report indicates that the events took place at about 3:00 o'clock p.m., on North Ridgewood Avenue and Connecticut Avenue.

The State has filed a Traverse and Demurrer to the Motion to Dismiss in which the State claims that the defendant solicited Miss Ward for a specific sex act for a specific price, to-wit: "a quick B.J. (Fellatio) for $10.00."

The State also denies that Miss Ward was dressed in "provocative" clothing and that the clothing she wore was such that Miss Ward would normally wear to the "grocery store."

The Court has viewed a photograph of Miss Ward and finds that she was wearing a T-shirt and cut-off shorts (as for her lack of a bra, the court will take her word for it).

As to that portion of the defendant's motion which alleges that no crime of prostitution was committed because no price was arrived at and no offer was made, the State has traversed this allegation by alleging that the defendant did offer a specific price for a specific sex act, when he allegedly said "a quick B.J. (Fellatio) for $10.00."

The crime of prostitution does not require a contract, an offer is sufficient (See Section 796.07(3)(a), Florida Statutes and *State v. Robinson*, Volusia County Case 386-12389-C).

Since the State has successfully traversed that portion of the Motion to Dismiss it must be denied. (See Rule 3.190(d) Florida Rules of Criminal Procedure).

With reference to that portion of the defendant's Motion in which he

89

claims entrapment because Miss Ward wore provocative clothes at the time of the incident, the defendant cites the case of *Cruz v. State*, 465 So.2d 516 (Fla. Supreme Court 1985).

In the *Cruz* case, a police officer posed as an inebriated indigent, smelling of alcohol and appeared to drink wine from a bottle. The officer leaned against a building near an alleyway, his face to the wall, plainly displayed from a rear pants pocket was $150.00 in currency, paper-clipped together. The defendant Cruz happened upon the scene and eventually took the money from the decoy's pocket without harming in any way. Officers then arrested Cruz as he walked from the scene and was subsequently charged with grand theft. The defendant moved to dismiss the charges claiming entrapment as a matter of law.

The Supreme Court in the *Cruz* case stated that the entrapment defense normally focuses on the predisposition of the defendant to commit the crime and that the State must prove that the defendant was predisposed to steal from the decoy. Among the circumstances to show predisposition the State may show that the defendant showed a ready acquiescence to commit the crime. In a case cited by the Supreme Court (*State v. Casper*, 417 So.2d 263) it stated that Casper, in a similar fact situation as the *Cruz* case, "did not acquiesce, but "succumbed to temptation . . . to the lure of the bait."

As stated above, the court viewed a photograph of Miss Ward showing her attire at the time of her confrontation with the defendant. The court finds that her attire was not the least bit provocative and it was a manner of dress by females not uncommon in Daytona Beach, a resort area in the middle of June at 3:00 o'clock in the afternoon.

Had Miss Ward been wearing a tight body fitting evening gown with a low cut bodice, a slit in her skirt up to her hips, had she been wearing high spiked shoes and her makeup on her face was exaggerated, if she pranced back and forth on the sidewalk in a suggestive manner, then the court would say that she was provocative and the defendant "succumbed to temptation . . . to the lure of the bait."

But such was not the case here and the police department of Daytona Beach and Miss Ward in particular did not conduct themselves so egregious as to impugn the integrity of the court that would permit a conviction in this case. (See *Cruz v. State*, supra, page 521).

IT IS THEREFORE,

ORDERED AND ADJUDGED that the Motion to Dismiss, be and the same, is hereby denied.

DONE, ORDERED AND ADJUDGED in Chambers at the County Courthouse Annex, 125 East Orange Avenue, Daytona Beach, Volusia County, Florida this 29th day of January, 1987.